KEUR et al. v. WEISS.

Circuit Court of Appeals, Fourth Circuit.
January 14, 1930.

No. 2880.

712

Louis A. Jaffer, of New York City (Vandeventer, Eggleston & Black and Barron F. Black, all of Norfolk, Va., on the brief), for appellants.

William G. Maupin, of Norfolk, Va., for appellee.

Before WADDILL, PARKER, and NORTHCOTT, Circuit Judges.

PER CURIAM. ▨ This is an appeal from a judgment of the District Court of the United States for the Eastern District of Virginia, at Norfolk. The judgment of the court was in favor of the appellee, who was the defendant below, and was based upon the verdict of a jury. The matters in issue grew out of a contract of sale for certain garden bulbs. The written contract was merely a memorandum, signed by the parties, and the court below admitted parol evidence to prove the entire contract. In so doing the action of the trial court was proper. 10 R. C. L. p. 1030; Newport News Shipbuilding & Dry Dock Co. v. United States of America, 34 F. (2d) 100, decided by this court July 1, 1929, and authorities there cited. ·

This is also the law in Virginia. Geoghegan Sons & Co. v. Arbuckle Bros., 139 Va. 92, 123 S. E. 387, 36 A. L. R. 399.

▨ It is contended on behalf of the appellant that the trial court erred in admitting evidence of custom, as to the sale of bulbs, and in admitting evidence of defendant's good reputation, without prior impeachment thereof, when his testimony was contradicted on the trial of the case. On both these points the law is well settled in Virginia. Walker v. Gateway Milling Co., 121 Va. 217, 92 S. E.

826; Arkla Lumber & Mfg. Co. v. West Virginia Timber Co., 146 Va. 641, 132 S. E. 840; George v. Pilcher, 28 Grat. (69 Va.) 299, 26 Am. Rep. 350.

The question of the admissibility of testimony in support of the general reputation of a witness where his testimony is contradicted on a matter as to which he could not be mistaken has recently been decided by this court. In Franklin Sugar Refining Co. v. Luray Supply Co. (C. C. A.) 6 F.(2d) 218, Judge Waddill in an able opinion reviews the authorities and, holds such evidence admissible.

Where there is no federal rule on the subject, under the Conformity Statute (U. S. Comp. St. § 1537 [28 USCA § 724]), the federal courts will follow the state rule, as to the admissibility of evidence. McNiel v. Holbrook, 12 Pet. 84, 9 L. Ed. 1009.

Also in Franklin Sugar Refining Co. v. Luray Supply Co., supra, will be found a full discussion of this point citing a number of authorities.

▨ A number of questions, as to which there was a conflict in the evidence, were raised on the trial; but these were all properly submitted to the jury, which found against the appellant.

There was no error in the trial, and the judgment of the court below is accordingly affirmed.