## LIBERTY MUT. INS. CO. v. ARNOLD.

### No. 9420.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1941.

Chas. C. Crenshaw and Jas. H. Milam, both of Lubbock, Tex., for appellant.

W. D. Wilson, of Lubbock, Tex., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellee, Alvin W. Arnold, an employee of the Texas New Mexico Utilities Company, was accidentally injured in the line of his employment. Appellant was the insurer for the employer, under the provisions of the Texas Workmen's Compensation Laws, Vernon's Ann.Civ.St.Tex. art. 8306, et seq. Arnold applied to the Industrial Accident Board for an award, but being dissatisfied with the result, brought suit in a state court. Appellant removed the suit to the Federal court, where it was tried to a jury. A verdict was returned for plaintiff, upon which judgment was entered in the lump sum of $3,739.62.

Error is assigned to certain parts of the charge to the jury; to the overruling of defendant's motions to exclude certain testimony of Doctors E. A. Haney and O. W. English who were offered as witnesses by plaintiff; and to the refusal to direct a verdict for defendant.

An exception to the charge was on the ground the court had failed to instruct the jury on the issue of whether or not plaintiff's alleged incapacity was due solely to bodily disease and not occasioned by the injury. This issue was not raised as a defense by the pleadings, Rule 8(b), 28 U.S.C.A. following section 723c, nor by a special request to charge. The doctors who testified, both for the plaintiff and defendant, agreed that Arnold had received a compressed fracture of the sixth dorsal vertebrae. It was stipulated the insurer had paid Arnold seventy payments of $13.85 which tacitly admitted he was accidentally injured. We find nothing in the record tending to prove that Arnold's incapacity was caused by disease instead of the injuries suffered in the accident. A court is not required to charge on an issue not pleaded and not supported by substantial evidence. To do so might well tend to confuse the jury.

The motions to suppress the testimony of Doctors Haney and English were on the ground that their opinions were partly formed from consideration of statements made to them by Arnold. Necessarily, when a patient consults a doctor, the doctor must obtain from him a statement of his symptoms. Both of these doctors examined Arnold physically and reached their conclusions on all the facts

before them. The motions to suppress their evidence were properly overruled.

While there was different opinion as to whether Arnold's injuries were permanent or merely temporary, the case presented was one for the jury. We find sufficient substantial evidence to support the verdict. It was not error to deny the motion to direct a verdict.

Other errors assigned are without merit and need not be discussed. As the case presents only questions of fact and no disputed issues of law, it is unnecessary to review the many decisions cited by the parties.

The record presents no reversible error. The judgment is affirmed.