**BLACK, SIVALLS & BRYSON, Inc. v. SHONDELL et al.**

No. 13860.

United States Court of Appeals Eighth Circuit.

April 29, 1949.

Rehearing Denied May 24, 1949.

588

Charles V. Garnett, of Kansas City, Mo. (George L. Gordon, Donald W. Johnson and Kem, Gordon & Gilmore, all of Kansas City, Mo., on the brief), for appellant.

Marcy K. Brown, Jr., of Kansas City, Mo., for appellees.

Before GARDNER, Chief Judge, and WOODROUGH and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

This action was brought in a Missouri state court and came within the federal jurisdiction on removal because there was diversity of citizenship and requisite amount involved. The plaintiffs sued for damages for breach of express and implied warranty in the sale of five oil storage tanks manufactured by defendant and sold to plaintiffs and upon the jury trial plaintiffs obtained a verdict and judgment against defendant in the sum of $9,332 from which the defendant appeals.

### Statement.

It appears that the plaintiff Heathwood Oil Company, a Kansas corporation, was engaged in the business of selling gasoline and fuel oil as a jobber in Kansas City, Kansas. It succeeded to the same business formerly owned and carried on in his own name by Henry A. Shondell and Mr. Shondell is its managing officer. Both Shondell and the corporation are named as plaintiffs but for convenience here we identify the plaintiffs as Shondell as he was the person who carried on the transactions in controversy and had the conversations out of which the lawsuit arose. The defendant Black, Sivalls and Bryson, Inc., is a Delaware corporation engaged in the business of manufacturing various steel products and

tanks, having a Division plant in Kansas City, Missouri.

It was alleged in the petition that Shondell ordered five 20,920 gallon underground storage tanks 10' 6" in diameter and 32' 3" long with the necessary fittings therefor, for the price of $938 each, making the total $4,690, from Midwest Equipment Company, a retailer and dealer in tanks manufactured by defendant, and that thereafter Midwest Equipment Company ordered said tanks from defendant. That in ordering the tanks from defendant Midwest advised defendant that the tanks were to be manufactured for the special purpose of underground storage of oil and oil products at Shondell's distributing station in Kansas City, Kansas. That thereafter defendant contacted Shondell for the purpose of ascertaining the use to which the tanks would be put and the manner in which they would be installed to comply with the laws of the State of Kansas which required them to be set three feet under ground, and it was given all information therefor by plaintiff. "That at the time of the sale and manufacture of said tanks by defendant defendant expressly warranted that said tanks were to be constructed according to defendant's own plans and specifications for a known purpose and that the same would be sufficiently strong to store the capacity of said tanks with oil and oil products in the State of Kansas in conformity with the laws thereof [three feet under ground], and that said tanks were fully adapted to the use for which they were intended." "That at the time of the sale and manufacture of said tanks by defendant, defendant impliedly warranted that said tanks were fit and proper for their intended use and adapted to the particular use intended by plaintiffs." That the tanks were manufactured and delivered to plaintiffs and plaintiffs paid Midwest the sum of $4,690 therefor but they contained inherent defects and were not suitable and useful for the special purpose for which they were manufactured; that such purpose was fully known by defendant and it manufactured the tanks under its own plans and specifications for which it received a sound price; that said tanks were installed and used by plaintiffs relying on the fact that said tanks were suitable for the purpose for which they were intended; that said defects were not known to plaintiffs and were not discoverable by an ordinary inspection of said tanks; that plaintiffs had no opportunity of inspection of said tanks prior to the delivery thereof to plaintiff. That the tanks collapsed when put to the intended use by reason of their defects and unfitness and were useless and plaintiffs suffered specific damages for which they prayed judgment against defendant.

The defendant filed answer to the petition in which it admitted its corporate organization and that it was engaged in the manufacturing of various steel products and tanks; that plaintiff placed the order with Midwest Equipment Company as alleged in the petition, but denied that Midwest advised it that the tanks were to be used in Kansas or were manufactured for any special purpose at plaintiffs' station in Kansas City, Kansas. It admitted that it manufactured the tanks in question and billed them to Midwest but denied knowledge of the special purpose for which Shondell bought and intended to use them and denied that it had warranted them to be fit for such purpose. The answer contained only admissions and denials and no affirmative allegations of facts relied upon for defense. Judgment of dismissal with costs was prayed for.

The defendant demanded a jury and the case went to jury trial on the petition, answer and evidence. Defendant did not move against the petition for failure to state a claim and at the conclusion of the evidence it did not move for directed verdict. On the trial the court instructed the jury in effect that if it found that Shondell ordered the tanks in the course of and as the result of negotiations carried on orally at a certain interview at the Midwest Equipment Company's office between plaintiff Shondell, a Mr. Williams, managing officer of Midwest, and one Traylor, a sales agent of defendant, and that defendant through its agent Traylor was fully informed of the particular use for which Shondell was buying the tanks and to which he intended to put them, namely, to set them three feet under ground and store oil

590

products in them, and that Traylor stated that defendant would manufacture them in its own way with certain reenforcement described by him and that they would be strong enough and fit for such use and that Shondell believed and relied on what Traylor said and in reliance thereon installed the tanks three feet underground and that they were in fact unfit and of no value for such use and soon collapsed under the pressure and that as a direct result plaintiff suffered the losses shown, then plaintiff would be entitled to a recovery. Defendant took no exception to the instructions given by the court. It preserved exceptions to oral testimony received over its objections during the trial and made timely request to the court to give certain instructions which were refused, and it excepted to each refusal. After the verdict had been returned and judgment entered thereon it moved for judgment notwithstanding the verdict or in the alternative for new trial and the motion was denied.

### Opinion.

It is contended on this appeal that the plaintiffs' petition did not state a cause of action and that when the facts alleged in it are considered in the light of the evidence it affirmatively appears that no right of recovery against the defendant existed. The contention is grounded upon the assertion that under the law of Missouri the right to maintain an action ex contractu for breach of warranty depends upon privity of contract and that a sub-purchaser who is not in privity with the seller cannot maintain an action for the seller's breach of warranty. It is contended that as plaintiff assumed no obligation to the defendant manufacturer but bought the tanks from and agreed to and did pay the independent dealer Midwest therefor, and Midwest ordered them from and agreed to and did pay defendant for them, there was no privity of contract between plaintiff and defendant and that Missouri law denies plaintiff any right to recover from defendant manufacturer for breach of any warranty it may have made in respect to the tanks. It cites Finks v. Viking Refrigerators, Inc., 235 Mo.App. 679, 147 S.W.2d 124; Crocker v. Barron, Mo.App., 234 S.W. 1032; Ranney v. Meisenheimer, 61 Mo.App. 434; Will-

iston on Contracts, Sec. 998, pp. 2753, 2754; Chanin v. Chevrolet Motor Co., 7 Cir., 89 F.2d 889, 891, 111 A.L.R. 1235; Rachlin v. Libby-Owens-Ford Glass Co., 2 Cir., 96 F.2d 597, 600; Connecticut Pie Co. v. Lynch, 61 App.D.C. 81, 57 F.2d 447; S. H. Kress & Co. v. Lindsey, 5 Cir., 262 F. 331, 13 A.L.R. 1170; Standard Oil Co. v. Murray, 7 Cir., 119 F. 572. The plaintiffs concede that their action is an action ex contractu for breach of warranty but insist that the Missouri courts would hold that in the exceptional case where the manufacturer of an article itself enters into the negotiations for the sale thereof to an intending purchaser as defendant did through its agent Traylor in this instance, and, to get the business and induce the sale, makes a warranty respecting the article and its fitness for a certain purpose as alleged and shown here, then and in that case the action for breach of the warranty may be maintained by such purchaser against the manufacturer. He cites, i. a., Timberland Lumber Co. v. Climax Manufacturing Co., 3 Cir., 61 F.2d 391; United States Pipe & Foundry Co. v. City of Waco, Tex.Civ.App., 100 S.W.2d 1099, 1106, 1107, affirmed, 130 Tex. 126, 108 S.W.2d 432, 433.

It is clear that Missouri law is controlling in this case because the warranty and transactions involved, including the delivery of the tanks, occurred in Missouri, but it does not appear that said question now sought to be raised has been properly brought here for review. Under Rule 12, Rules of Civil Procedure, 28 U.S.C.A., a defendant waives all defenses and objections which he does not present either by motion or in his answer except that the defense of failure to state a claim upon which relief may be granted may also be made by a later pleading if one is permitted or by motion for judgment on the pleadings or at the trial on the merits. The record shows no such defense presented by defendant in a motion or answer and it must be deemed to have waived the defense that the petition did not state a claim upon which relief may be granted. The motion which defendant made for judgment notwithstanding the verdict was on the grounds that "the plaintiff's petition and the evi-

dence discloses that there was no privity of contract between the plaintiff and the defendant" and that "it is uncontroverted in the evidence that the five tanks delivered by defendant complied with the terms specified in the [written] order" given by Midwest to defendant. It was made after the trial and not on the trial and did not preserve the defense of failure of the petition to state a claim. The defendant is therefore in the position of having waived that defense and may not urge it here.

■ As to the claimed insufficiency of the evidence related either to the petition or to the Missouri law, the record shows, as has been stated, that no motion for directed verdict was made by defendant before the court submitted the case to the jury. It has been firmly settled in this and other Circuit Courts of Appeals that they have appellate jurisdiction only and that the only way of securing a review of the facts in a jury trial action is by interposing a motion for a directed verdict at the close of all the evidence and securing a ruling thereon. Without such motion and ruling the question of the sufficiency of the evidence to sustain the verdict and judgment is not reviewable. Harnik v. Lilley, 8 Cir., 167 F.2d 159. We therefore decline to review the evidence in this case or to determine whether it was sufficient to support the allegations of the petition or to present a case for the jury under Missouri law.

The defendant objected on the trial to oral testimony offered for plaintiff to show the use for which Shondell wanted to buy the five tanks and to which he intended to put them and that defendant was informed thereof and warranted that when manufactured by defendant they would be fit for such use. Its contention was that the written order for the tanks which was made out by Midwest and delivered to defendant's agent Traylor constituted the complete contract and that parol evidence concerning the terms of the contract was inadmissible. But examination of the order shows that it did not and was not intended by either of the parties to evidence the entire contract. The writing was on a Midwest order blank and was not directed to defendant. It stated the number of

tanks to be five and that they were to be made out of 3/16 inch steel except that the heads were to be of ¼ inch steel and the tanks were to be of a certain length, diameter and capacity with three openings indicated for each and that they were to be delivered to plaintiff at Kansas City, Kansas. But it was unsigned and the price and terms of payment or of delivery were not stated. Neither was there any specification of the way they were to be made. The order contained no declaration that it constituted the whole contract nor any exclusion or disclaimer of warranty. Both parties recognized on the trial that the order did not evidence their complete contract and both offered oral testimony to show conditions and terms of the contract extraneous to the writing. Defendant introduced oral testimony to show that both the price and the specifications of the materials to be used were arrived at during the conference of the three parties, Shondell, Williams and Traylor, by consulting the printed price list or catalog put out by defendant, and also that a change was later orally agreed to in respect to the material to be used in the heads of the tanks.

■ It is therefore apparent that the writing of the order did not reflect the entire contract and that the court was not in error in receiving the oral testimony adduced by both parties to establish all the terms of the contract. J. 1. Case Threshing Machine Co. v. Buick Motor Co., 8 Cir., 39 F.2d 305; St. Louis Auto Parts & Salvage Co. v. Indiana Auto Salvage Co., Mo. App., 89 S.W.2d 134; Charles A. Liemke Co. v. Krekeler Grocer Co., 231 Mo.App. 169, 95 S.W.2d 820; Keur v. Weiss, 4 Cir., 37 F.2d 711; International Ticket Scale Corp. v. International Ticket Scale Corp. of Chicago, 7 Cir., 56 F.2d 969, 972; Harding v. Taubel, 3 Cir., 1 F.2d 614, 617.

Upon its exceptions to the refusal of the court to give instructions timely requested by it, defendant contends that the court committed error in refusing to instruct that it was for the jury to determine whether or not the oral declarations of defendant's agent that the tanks would be fit for their intended use were mere expressions of opinion, and if mere expres-

sions of opinion not intended to be warranties, that the jury should find for defendant.

 The contention appears to be without merit. The issue under the pleadings and evidence was whether or not the oral statements were made and whether or not they were admissible in view of the written order. What the defendant urged by way of requested instruction presented an issue not tendered by the pleadings or raised by the proof or objections or motions during the trial and there was no error in the court's ruling. Mutual Benefit Health & Accident Ass'n v. Warrell, 8 Cir., 96 F.2d 447; Maryland Casualty Co. v. Cook-O'Brien Construction Co., 8 Cir., 69 F.2d 462; Rose v. St. Louis Public Service Co., Mo.Sup., 205 S.W.2d 559; McCarthy v. Pennsylvania R. Co., 7 Cir., 156 F.2d 877; Liberty Mutual Ins. Co. v. Arnold, 5 Cir., 118 F.2d 47; Carpenter v. Baltimore & Ohio R. Co., 6 Cir., 109 F.2d 375.

It is also contended that since the tanks were in plaintiffs' possession some months before they were installed underground and the absence of bracing on the interior of the shells would have been discernible by inspection of the insides, the failure of the plaintiffs to make such inspection constituted a defense and that the court committed error in refusing to give requested instruction No. 10, which was as follows: "You are instructed by the Court that if you find and believe from the evidence in the case that plaintiffs, before the installation of said tanks underground, had reasonable opportunity to inspect said tanks and determine whether the same were braced within by additional strengthening metal placed at intervals in the length of said tanks and neglected so to do, then your verdict must be in favor of the defendant and against the plaintiffs herein."

 It is apparent that the requested instruction entirely fails to furnish the jury with any proper or intelligible standard or guide to indicate the nature or extent of the plaintiffs' right under the law applicable to those who purchase pursuant to a warranty to rely upon express or implied representations of the seller or the seller's skill and judgment generally. In that respect the requested instruction was insufficient and defective and the court properly refused it. Sterling Aluminum Products v. Shell Oil Co., 8 Cir., 140 F.2d 801, loc. cit. 803-804.

The court stated in its opinion accompanying denial of new trial that the defendant's requested instructions were refused because they covered issues not tendered by the pleadings and the evidence and our examination of them has led to the same conclusion.

No error has been found in any of the matters properly preserved for review. The judgment is affirmed.