FRED DALE v. GEORGE F. LATTIMORE, JR.

No. 7110SC19

(Filed 15 September 1971)

1. **Rules of Civil Procedure § 12— failure to state claim for relief — motion to dismiss made on appeal**

    Where there has been a trial, a party cannot on appeal interpose the defense that the complaint fails to state a claim upon which relief can be granted. G.S. 1A-1, Rules 12(b)(6) and 12(h).

2. **Rules of Civil Procedure § 12— lack of jurisdiction of subject matter — failure to state claim for relief**

    Lack of jurisdiction of the subject matter may always be raised by a party, or the court may raise such defect on its own initiative; however, failure of the complaint to state a claim for relief does not constitute a lack of jurisdiction of the subject matter. G.S. 1A-1, Rule 12(h)(3).

3. **Appeal and Error § 45— abandonment of exceptions**

    Exceptions not brought forward and argued in the brief are deemed abandoned.

APPEAL by defendant from *Bailey, Judge*, 1 June 1970 Civil Session, Superior Court of WAKE County.

Plaintiff instituted this action to recover from defendant $1,221.23 allegedly owed him for commissions earned as a real estate salesman for defendant and money expended and advanced by plaintiff for the use and benefit of defendant, and for $12,500 representing commissions allegedly due him as his portion of the commission on the sale of a piece of property for $500,000 which plaintiff alleges he sold for defendant after he left defendant's employ and under an agreement with defendant that he would receive 2½ percent of the sales price as commission. Defendant answered denying that he was indebted to plaintiff in any amount but admitting "that the sale of said

property was consummated and deed was executed and the purchaser paid the sum of Five Hundred Thousand ($500,-000.00) Dollars on the 6th day of September, 1968, for said property." By counterclaim defendant alleged an indebtedness to him by plaintiff of some $2,300 on a note, a check, and for rent. The jury answered the issue with respect to the 2½ percent commission in favor of plaintiff. The issue as to the commissions earned as a salesman and of money expended and advanced was answered against plaintiff and in favor of defendant. The issue on the counterclaim of defendant was answered against defendant.

On appeal it is conceded by both parties that only the question of the 2½ percent commission on the $500,000 sale is before the court.

*Ellis Nassif for plaintiff appellee.*

*Carl E. Gaddy, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant first contends that the complaint fails to state a cause of action and moves this Court *ore tenus* that the cause be dismissed. It appears from the record that the complaint was filed 12 March 1969, and that a demurrer was filed 30 April 1969. Order was entered overruling the demurrer on 10 July 1969. The record does not reveal an objection and exception to the entry of that order, nor does the record reveal that a motion to dismiss under Rule 12(b) (6) (failure to state a claim upon which relief can be granted) was made by defendant at trial.

We have before us, then, the question of whether a motion to dismiss an action for failure of the complaint to state a claim upon which relief can be granted can be interposed on appeal.

It is true that under the former procedure, defendant, by answering the complaint, did not waive the right to demur for failure of the complaint to state a cause of action, or for its statement of a defective cause of action. Demurrer *ore tenus* on this ground could be interposed at any time before final judgment, even in the Supreme Court on appeal. Under the former procedure, the appellate court could take cognizance of

the complaint's deficiency *ex mero motu.* 6 Strong, N. C. Index 2d, Pleadings, § 26.

G.S. 1A-1, Rule 7(c) abolished demurrers, and with them the concept of "a defective statement of a good cause of action." G.S. 1A-1, Rule 12(b)(6) permits a motion to dismiss upon the ground that the complaint states a defective claim or cause of action but not upon the ground that the complaint contains a defective statement of a good cause of action, relief for that defect being available under other sections of Rule 12. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1970).

G.S. 1A-1, Rule 12(b), provides that certain defenses may, at the option of the pleader, be made by motion. Among the seven listed is: "(6) Failure to state a claim upon which relief can be granted." The rule further provides: "A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The consequences of failure to make such a motion shall be as provided in sections (g) and (h)."

The pertinent provision of section (g) is that if a party does make a motion under this rule but fails to include a defense or objection available to him and permitted to be raised by motion by this rule, he cannot thereafter make a motion based on the defense or objection omitted, "except a motion as provided in section (h)(2) hereof on any of the grounds there stated."

Section (h)(2) provides: "A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a necessary party, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits."

Unquestionably, a motion to dismiss for failure to state a claim upon which relief may be granted, under Rule 12(b)(6), can be made as late as trial upon the merits. However, we are of the opinion that, as a general rule, the motion comes too late on appeal. The verbiage of G.S. 1A-1, Rule 12(h) and Rule 12(h) of the Federal Rules is identical except the Federal Rule refers to "a party indispensible under Rule 19" and G.S. 1A-1, Rule 12(h) refers to "a necessary party." The Rules of Civil Procedure in the federal courts are substantially identical, and the application thereof over the years by the federal courts may

often serve as a guide in our interpretations. In Black, *Sivalls & Bryson v. Shondell,* 174 F. 2d 587 (8th Cir. 1949), the action was brought in a Missouri state court but removed to federal district court because the requisite amount was involved, and there was diversity of citizenship. Plaintiffs sued for damages for breach of express and implied warranty in the sale of five oil storage tanks manufactured by defendant and sold to plaintiffs. The jury returned a verdict for plaintiffs and defendant appealed. Defendant had not moved for dismissal for failure of the complaint to state a claim upon which relief could be granted nor had it moved for directed verdict at the close of the evidence. After the verdict was returned and judgment entered, it moved for judgment notwithstanding the verdict or in the alternative for a new trial. On appeal one of defendant's contentions was that the complaint did not state a claim upon which relief could be granted. As to that, the Court said:

> "Under Rule 12, Rules of Civil Procedure, 28 U.S.C.A., a defendant waives all defenses and objections which he does not present either by motion or in his answer except that the defense of failure to state a claim upon which relief may be granted may also be made by a later pleading if one is permitted or by motion for judgment on the pleadings or at the trial on the merits. The record shows no such defense presented by defendant in a motion or answer and it must be deemed to have waived the defense that the petition did not state a claim upon which relief may be granted. The motion which defendant made for judgment notwithstanding the verdict was on the grounds that 'the plaintiff's petition and the evidence discloses that there was no privity of contract between the plaintiff and the defendant' and that 'it is uncontroverted in the evidence that the five tanks delivered by defendant complied with the terms specified in the [written] order' given by Midwest to defendant. It was made after the trial and not on the trial and did not preserve the defense of failure of the petition to state a claim. The defendant is therefore in the position of having waived that defense and may not urge it here."

See also 2A Moore's Federal Practice § 12.23, at 2446 (2d ed. 1968), Waiver of Defenses.

[1] We hold that where there has been a trial, a party cannot

on appeal interpose the defense that the complaint fails to state a claim upon which relief can be granted. See *Archer v. U.S.,* 217 F. 2d 548 (9th Cir. 1954), *cert. denied,* 348 U.S. 953 (1955) ; *Southard v. Southard,* 305 F. 2d 730 (2d Cir. 1962).

[2] We are aware, of course, that Rule 12(h)(3) provides that "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." This rule is identical to Federal Rule 12(h)(3). Unquestionably lack of jurisdiction of the subject matter may always be raised by a party, or the court may raise such defect on its own initiative. See 2A Moore's Federal Practice § 12.23, at 2460 (2d ed. 1968), where it is said: "Such lack of jurisdiction can never be waived by the parties or such jurisdiction conferred on a court by consent of the parties, except where a valid statute, such as the Bankruptcy Act, may allow jurisdiction to be so conferred." However, the failure of the complaint to state a claim upon which relief can be granted does not constitute a lack of jurisdiction of the subject matter. Jurisdiction of the court over the subject matter is not defeated by the possibility that the allegations of the complaint may fail to state a cause of action upon which plaintiff can recover.

> "For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. (Citations omitted.)" *Bell v. Hood,* 327 U.S. 678, 682, 90 L. Ed. 939, 943 (1946). See also *Utilities Commission v. Truck Lines,* 243 N.C. 442, 91 S.E. 2d 212 (1956).

[3] Appellant grouped 95 exceptions in his record on appeal. He brings forward and argues only 10 of them. The others are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

We have carefully studied and considered all of defend-ant's assignments of error. It is true that the record reveals technical procedural error. However, in view of the entire record, we do not deem the procedural errors sufficiently prej-udicial to warrant a new trial, nor do we feel that a new trial would produce a different result.

Affirmed.

Judges BROCK and HEDRICK concur.