JACKSON COUNTY BY AND THROUGH ITS CHILD SUPPORT ENFORCEMENT AGENCY, EX REL. ANNETTE JACKSON v. JOHN WESLEY SWAYNEY

No. 8430DC976

(Filed 2 July 1985)

**Indians § 1— action to establish paternity and recover public assistance payments**

    The District Court of Jackson County did not have subject matter jurisdiction over an action to have defendant adjudicated the father of Kevin Jackson and to collect for past public assistance paid for Kevin's benefit where Kevin, defendant, and Kevin's mother were all members of the Eastern Band of Cherokee Indians living within their reservation. Under 25 C.F.R. § 11.22 (1984) the status of the defendant controls the proper forum for litigation, making it irrelevant to determine whether plaintiff or Kevin's mother is the real party in interest; moreover, 25 C.F.R. § 11.30 (1984) states that the Court of Indian Offenses shall have jurisdiction of all suits brought to determine the paternity of a child and to obtain a judgment for the support of the child. G.S. 1A-1, Rule 12(h)(1) and (2).

    Judge WEBB dissenting.

APPEAL by plaintiff from *Snow, Judge.* Judgment entered 16 July 1984 in District Court, JACKSON County. Heard in the Court of Appeals 18 April 1985.

In April 1982 plaintiff, the Jackson County Child Support Enforcement Agency, filed a civil action to have defendant adjudicated the father of Kevin Jackson and to collect a debt owed to the State of North Carolina for past public assistance paid for Kevin's benefit, a recipient of Aid for Dependent Children. Annette Jackson, Kevin's mother, swore under oath that defendant was the biological father of Kevin Jackson.

Defendant filed a general answer denying the material allegations contained in the complaint, without raising any defenses pursuant to G.S. 1A-1, Rule 12(b)(1) and (2). On 16 July 1984 defendant filed a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(1) and (2). From an Order granting defendant's motion to dismiss on both grounds, plaintiff appealed.

*Attorney General Edmisten, by Assistant Attorney General Robert E. Cansler for plaintiff-appellant.*

*Coward, Dillard, Cabler, Sossomon & Hicks, P.A. by Creighton W. Sossoman for defendant-appellee.*

PARKER, Judge.

The sole issue presented on this appeal is whether the trial court lacked subject matter jurisdiction to decide this case on its merits. Defendant waived his right to contest lack of personal jurisdiction when he filed his answer without raising this defense. G.S. 1A-1, Rule 12(h)(2). Lack of subject matter jurisdiction may always be raised by a party, or the court may raise such defect on its own initiative, even after an answer has been filed. G.S. 1A-1, Rule 12(h)(1); *Dale v. Lattimore*, 12 N.C. App. 348, 183 S.E. 2d 417, *cert. denied*, 279 N.C. 619, 184 S.E. 2d 113 (1971).

Defendant contends the court lacked the necessary subject matter jurisdiction because he, Annette Jackson and the minor child are members of the Eastern Band of Cherokee Indians, and all three reside within the exterior boundaries of their reservation. Defendant contends that this domestic issue may be litigated only in the Court of Indian Offenses of the Eastern Band of Cherokee Indians. Plaintiff, however, contends that pursuant to G.S. 110-130, it, not Annette Jackson, is the real party in interest and has an independent right to institute civil proceedings in our state courts against the responsible parent of any child to whom it has furnished public assistance.

Only one North Carolina case involving litigation against a member of the Eastern Band of Cherokee Indians who lives on the reservation has been decided by our appellate court. In *Wildcatt v. Smith*, 69 N.C. App. 1, 316 S.E. 2d 870 (1984), *pet. disc. rev. allowed*, 312 N.C. 90, 321 S.E. 2d 909 (1984), appeal withdrawn 4 Dec. 1984, this Court discussed the two pronged infringement-preemption test to determine state court jurisdiction in a paternity suit between two members of the Eastern Band of Cherokee Indians and concluded the District Court was without jurisdiction, after the creation of the Court of Indian Offenses on 28 July 1980, to hold defendant in contempt of a child support order obtained in state court. The Court stated:

> It is clear that any exercise of state power after the creation of the Indian court system would unduly infringe upon the tribe's asserted right of self-government. 69 N.C. App. at 11; 316 S.E. 2d at 877.

The principle of federal preemption is well established, and federal power to regulate Indian affairs is plenary and supreme.

*United States v. Mazurie*, 419 U.S. 544, 95 S.Ct. 710, 42 L.Ed. 2d 706 (1975). The States generally have only such power over Indian affairs on a reservation as is granted by Congress, *Worcester v. Georgia*, 31 U.S. (6 Pet.) 515, 8 L.Ed. 843 (1832), while the tribes retain powers inherent to a sovereign state, except as qualified and limited by Congress. *United States v. Wheeler*, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed. 2d 303 (1978). An examination of appropriate federal laws and regulations reveals that our state court's subject matter jurisdiction to entertain these domestic actions has been preempted by federal enactments.

The enabling legislation for these tribal courts is contained in 25 C.F.R. § 11.22 (1984), which states:

> The Court of Indian Offenses shall have jurisdiction of all suits wherein the *defendant* is a member of the tribe or tribes within their jurisdiction. . . . (Emphasis added.)

It is clear from this section that it is the membership status of the defendant that controls the proper forum for litigation. The plaintiff's status is not relevant, making it unnecessary to determine whether the plaintiff or Annette Jackson is the real party in interest in this action.

In addition, in a section entitled Domestic Relations, the following appears under 25 C.F.R. § 11.30 (1984):

> The Court of Indian Offenses shall have jurisdiction of all suits brought to determine the paternity of a child and to obtain a judgment for the support of the child.

The present civil action sought to have defendant adjudicated the father of Kevin Jackson and to obtain a judgment for the past public assistance paid to support this child.

Therefore, after considering the well established rules of federal preemption, in conjunction with the two specific federal regulations quoted above which address precisely the issues sought to be litigated below, we hold that plaintiff must litigate this matter in the Court of Indian Offenses, and that our Courts of General Justice lack the necessary subject matter jurisdiction where the defendant is a member of the Eastern Band of Cherokee Indians who resides on the reservation.

The judgment appealed from is

Affirmed.

Judge BECTON concurs.

Judge WEBB dissents.

Judge WEBB dissenting.

I dissent. Our Supreme Court in *Settle v. Beasley*, 309 N.C. 616, 308 S.E. 2d 288 (1983), held that an action brought by a Department of Social Services under Article 3 of Chapter 49 of the General Statutes is a separate and distinct action from an action brought by the child or mother of the child. The plaintiff in this case is not an Indian and does not live on an Indian reservation. I do not believe the plaintiff is preempted in this case by any federal statute from suing an Indian in a state court.

I vote to reverse.