DR. TERRY C. CLAYCOMB v. HCA-RALEIGH COMMUNITY HOSPITAL

No. 8410SC1322

(Filed 20 August 1985)

**1. Hospitals § 6— application for hospital staff privileges**

G.S. 131-126.11A (now G.S. 131E-85) does not grant a medical practitioner the right to have his application for staff privileges considered by a hospital if the hospital's governing board has made a decision to deny further staff privilege requests which is reasonably related to the operation of the hospital, consistent with its responsibility as a community hospital, and administered fairly.

**2. Hospitals § 6— denial of hospital staff privileges—judicial review**

G.S. 131-126.11A (now G.S. 131E-85) requires that the denial of hospital staff privileges be "based upon . . . the reasonable objectives and regulations of the hospital" and thus allows judicial review of the reasonableness of a hospital's denial of such privileges.

**3. Hospitals § 6— denial of staff privileges to podiatrists—burden of proving unreasonableness**

Plaintiff podiatrist had the burden of proving that defendant hospital's denial of staff privileges to additional podiatrists because "the services of one podiatrist were adequate to meet . . . the podiatric needs of the community" was arbitrary, capricious or discriminatory, and that the hospital's decision to close the medical staff to additional podiatrists was (1) not reasonably related to the operation of the hospital, (2) not rationally compatible with the hospital's responsibility, or (3) based on irrelevant considerations.

Judge WELLS concurring.

APPEAL by plaintiff from *Barnette, Judge.* Order entered 25 October 1984 in Superior Court, WAKE County. Heard in the Court of Appeals 6 June 1985.

*J. Melville Broughton, Jr., and William Woodward Webb for plaintiff appellant.*

*Jordan, Brown, Price & Wall by John R. Jordan, Jr., and Joseph E. Wall for defendant appellee.*

COZORT, Judge.

The question raised by this appeal concerns whether G.S. 131-126.11A, recodified at G.S. 131E-85, requires a privately owned hospital to review the qualifications of a podiatrist applying for staff privileges even though the hospital administration has decided to close the medical staff to additional podiatrists.

The trial court ruled that G.S. 131-126.11A confers no right to a practitioner to have his application for staff privileges reviewed and dismissed this action for lack of subject matter jurisdiction.

The facts underlying the present controversy are as follows: On 31 July 1979, the Board of Trustees of the defendant hospital decided to close the medical staff to podiatrists. The hospital at the time had extended staff privileges to one podiatrist. The Board's decision was based on the determination that the services of one podiatrist were adequate to meet the hospital's commitment to meet the podiatric needs of the community.

On 30 November 1979, the plaintiff podiatrist, Dr. Terry C. Claycomb, applied for staff privileges at the defendant hospital. Because the medical staff was closed to additional podiatrists, Dr. Claycomb's application was not accepted for processing though it remained on file.

In 1981, the General Assembly enacted the Hospital Licensing Act and in pertinent part provided:

> The granting or denial of privileges to practice in hospitals to licensed physicians and other practitioners licensed by the State of North Carolina to practice surgery on human beings, and the scope and conditions of such privileges, shall be determined by the governing body of the hospital based upon the applicant's education, training, experience, demonstrated competence and ability, judgment, character and the reasonable objectives and regulations of the hospital in which such privileges are sought. Nothing in this Article shall be deemed to mandate hospitals to grant or deny to any parties privileges to practice in said hospitals.

G.S. 131-126.11A (1981). This Act was repealed by Session Laws 1983, c. 775, s. 1, effective 1 January 1984, and replaced by the Hospital Licensure Act, G.S. 131E-75, *et seq.* The corresponding statute, G.S. 131E-85, differs from the repealed statute, G.S. 131-126.11A, by specifically extending its application to "physicians . . . dentists and podiatrists" rather than generally to "licensed physicians and other practitioners."

Following the passage of G.S. 131-126.11A, Dr. Claycomb renewed his application for staff privileges with the defendant hospital. By this time, the Board of Trustees had also adopted a

three-year residency requirement for all users of the hospital's operating rooms, including podiatrists. By letter in October of 1982, the plaintiff was informed that the medical staff was still closed to podiatrists and that in any event the hospital required a three-year surgical residence by podiatric applicants. In May of 1983, the plaintiff again attempted to obtain staff privileges but learned that his application had never been processed and that he had no right of appeal or right to a hearing on the hospital's decision not to review his application.

Dr. Claycomb filed this action in August of 1983, seeking a declaratory judgment construing G.S. 131-126.11A, injunctive relief, and actual damages. Pursuant to the defendant's Rule 12(b)(6) motion, the plaintiff's claim for damages was dismissed on the grounds that it was barred by the statute of limitations, G.S. 1-52. Later, pursuant to the defendant's Rule 12(b)(1) motion, the plaintiff's remaining claims were dismissed on the grounds that the court lacked subject matter jurisdiction. The trial court concluded as a matter of law that the State had "no legitimate interest in the denial of medical staff privileges by a private hospital to any individual practitioner" and that G.S. 131-126.11A "does not mandate that a private hospital follow any particular procedure or reach any particular result as to an application for staff privileges."

The plaintiff on appeal contends that the police power of this State extends to the regulation of private hospitals, including the granting of staff privileges. The defendant argues that G.S. 131-126.11A does not impose a requirement that practitioners be granted privileges or even that their applications be reviewed, but merely establishes a framework to insure that if staff privileges are granted they are extended only to qualified practitioners.

In *Cameron v. New Hanover Memorial Hospital,* 58 N.C. App. 414, 449, 293 S.E. 2d 901, 922, *cert. denied,* 307 N.C. 127, 297 S.E. 2d 399 (1982), this Court, construing G.S. 131-126.11A, stated no court should substitute its judgment for that of the hospital board which is charged with the responsibility of providing a competent staff of doctors. The *Cameron* court further related that as long as staff selections were administered with fairness, geared by a rationale compatible with hospital responsibility, and unencum-

bered with irrelevant considerations, a court should not interfere. *Id.* We believe these *Cameron* principles are applicable in the instant case.

[1]  Surely, the State has a legitimate interest in seeing the health, safety and general welfare of the public promoted and protected. *A-S-P Associates v. City of Raleigh,* 298 N.C. 207, 258 S.E. 2d 444 (1979). Thus, the operation of a hospital, whether publicly or privately owned, is subject to State regulation. *Foster v. Medical Care Commission,* 283 N.C. 110, 195 S.E. 2d 517 (1973). However, the State's involvement in the operation of a hospital should extend only to the point of insuring that the community's medical needs are competently and sufficiently being met. As recognized in *Cameron,* the right to enjoy staff privileges is not absolute, but is subject to the standards and objectives set by the hospital's governing body. *Id.* at 453, 293 S.E. 2d at 924. Therefore, we hold that G.S. 131-126.11A does not grant a medical practitioner the right to have his application for staff privileges considered by a hospital if the hospital's governing board has made a decision to deny further staff privilege requests which is reasonably related to the operation of the hospital, consistent with its responsibility as a community hospital, and administered fairly.

In the present case, the court below dismissed the action on the basis that it lacked subject matter jurisdiction over the complaint. We hold this ruling was in error. As a matter of procedure, the question of whether G.S. 131-126.11A confers a right upon the plaintiff to have his application considered is not an issue of subject matter jurisdiction, but involves whether the complaint states a claim upon which relief can be granted. *See generally Dale v. Lattimore,* 12 N.C. App. 348, 183 S.E. 2d 417, *cert. denied,* 279 N.C. 619, 184 S.E. 2d 113 (1971). Therefore, the granting of the defendant's Rule 12(b)(1) motion was improper.

[2, 3]  In any event, the plaintiff's action should not have been dismissed, even on a proper Rule 12(b)(6) motion. Although G.S. 131-126.11A does not require that the plaintiff's qualifications for staff privileges be reviewed, it does require that the denial of those privileges be "based upon . . . the reasonable objectives and regulations of the hospital." G.S. 131E-85. Thus, the statute does allow the reasonableness of a hospital's actions to be re-

viewed. Because North Carolina courts have been charged with this narrow responsibility of determining whether a hospital's actions and objectives are reasonable, *Cameron, supra,* at 449, 293 S.E. 2d at 922, we hold the complaint does state a claim upon which relief can be granted. We, therefore, reverse the trial court's conclusion of law that it lacked jurisdiction over the matter and remand this case for further proceedings not inconsistent with this opinion. The plaintiff will have the burden of proving that the hospital's conclusion that "the services of one podiatrist were adequate to meet . . . the podiatric needs of the community" was arbitrary, capricious or discriminatory, and that its decision to close the medical staff to additional podiatrists was: (1) not reasonably related to the operation of the hospital; (2) not rationally compatible with the hospital's responsibility; or (3) based on irrelevant considerations. *See Davidson v. Youngstown Hospital Assoc.,* 19 Ohio App. 2d 246, 250 N.E. 2d 892 (1969). If the defendant hospital's actions are determined to be unreasonable or irrational, the plaintiff is entitled under the statute to have his application for staff privileges reviewed and a decision, granting or denying him staff privileges, based on the other criteria provided in the statute such as his "education, training, experience, demonstrated competence and . . . character." G.S. 131E-85.

Reversed and remanded.

Judges WELLS and JOHNSON concur.

Judge WELLS concurring.

In my opinion, the important and dispositive question in this case is whether governing boards of licensed hospitals may deny staff privileges to licensed practitioners except upon finding that such practitioners applying for staff privileges do not meet the hospital's standards for "education, training, experience, demonstrated competence and ability, judgment, character, and the reasonable objectives and regulations of the hospital, including, but not limited to appropriate utilization of hospital facilities, *see* N.C. Gen. Stat. 131E-85A (1983 Cum. Supp.). Accordingly, appellant in this case is entitled to have his application considered against such standards.