WILLIAM COLLYER AND WIFE, MARTHA ANN COLLYER v. HUGH BELL AND WIFE, IRENE BELL

No. 7129DC625

(Filed 17 November 1971)

1. Venue § 1 — objection to venue — waiver

　　The right to object to the venue of an action may be waived if the objection is not made in apt time. G.S. 1-76 through G.S. 1-83.

2. Rules of Civil Procedure § 12— motion to dismiss — time of motion

　　A motion to dismiss on the ground that the complaint failed to state a cause of action upon which plaintiffs could be granted relief may not be raised for the first time on appeal. G.S. 1A-1, Rule 12(b)(6).

**3. Appeal and Error § 30— exception to evidence — form of exception**

Where an exception to evidence is not supported by an objection or a motion to strike, the competency or incompetency of the evidence is not before the court.

**4. Evidence § 31— best evidence — objection to carbon copy of letter**

A party may not object to the introduction of testimony as to the contents of a carbon copy of a letter when he was served with notice to produce the original letter at trial and failed to do so.

**5. Evidence § 4— mailing of letter — presumption of receipt**

Evidence showing that a letter was mailed creates a presumption that it was received by the party to whom it was mailed.

**6. Appeal and Error § 31— assignment of error to the charge**

An assignment of error to the charge must quote the portion of the charge to which the appellant takes exception, point out the alleged error, and indicate what the court should have charged.

**7. Appeal and Error § 31— broadside exception to the charge**

An assignment of error which questions the failure of the court to apply the law to the evidence is a broadside exception and will not be considered.

APPEAL by defendants from *Gash, Judge,* 5 April 1971 Session of District Court held in HENDERSON County.

On 21 July 1969, the defendants, Hugh Bell and wife, Irene Bell, executed a lease to William Collyer and wife, Martha Ann Collyer, for certain property situate in Polk County, North Carolina. The lease agreement entered into by the parties was for a term of one year beginning 1 September 1969, at a monthly rental of $75. It included an option to purchase at the price of $14,500, subject to certain terms and conditions. The lease specifically provided that "Tenant may exercise the option granted herein by giving the Landlord *written notice* of his desire to so do not less than thirty (30) days prior to the expiration of the term of this lease." (Emphasis added.) On 23 September 1970, plaintiffs instituted this suit for specific performance of the option contending that they mailed written notice to defendants of their intention to exercise the option to purchase, and that the notice was mailed along with the rental payment on 6 April 1970. In their answer the defendants admitted having received the check for the April rent but denied having received the written notice which plaintiffs contend accompanied the check. Defendants also cross-claimed for

the sum of $100 per month as rent for the plaintiffs' holding over after the expiration of the lease on 31 August 1970.

At a pre-trial conference held 11 February 1971, the parties stipulated that the only issue to be submitted to the jury was "Did the plaintiffs exercise the option to purchase in accordance with the terms of the lease?" On 7 April 1971, after a day and a half of trial, the jury returned a verdict in favor of the plaintiffs. The defendants excepted and gave notice of appeal to the entry of the judgment.

*Redden, Redden and Redden, by Monroe M. Redden, Jr., for plaintiff appellees.*

*Prince, Youngblood, Massagee and Groce, by Edwin R. Groce, for defendant appellants.*

MORRIS, Judge.

[1]  From the outset it is noted that the property in question was located in Polk County, plaintiffs' residence, but the suit was brought in Henderson County, defendants' residence. G.S. 1-76 to 1-83 relate to venue, not jurisdiction, and provide that an objection to the wrong venue is waived if not made in apt time. Defendants made no objection to venue in apt time and thus waived the right. *Mitchell v. Jones,* 272 N.C. 499, 158 S.E. 2d 706 (1968). Perhaps defendants preferred the action tried in their own yard. We also note that counsel representing defendants on appeal did not appear for defendants in the trial of this action.

[2]  The defendants' first assignment of error pertains to the adequacy of the legal description of the land in the complaint and in the lease attached to the complaint. No objection was made by defendants at trial or prior thereto. The defendants now contend on appeal, after verdict and entry of judgment, that the complaint failed to state a cause of action upon which plaintiffs could be granted relief. Defendants have also filed a written motion to dismiss for the same reason. A motion under G.S. 1A-1, Rule 12(b)(6) cannot be raised for the first time on appeal. *Dale v. Lattimore,* 12 N.C. App. 348, 183 S.E. 2d 417 (1971). The motion to dismiss is, therefore, denied, and the assignment of error is overruled.

[3]  Defendants' next assignment of error is: "That the trial court erred by admitting the testimony of Martha Ann Collyer

as to the condition of the premises or property which was the subject of this action." It appears from the record that defendants' exception No. 2 appears on page 18 of the record on appeal, following evidence to which no objection is made. However, following the exception, appears a question to which objection was entered and sustained. Then there appears a question to which objection was made and overruled by the court. No motion to strike the answer was made. We assume that defendants intend exception No. 2 to apply to some of the evidence appearing thereafter. In any event, the competency or incompetency of this evidence is not properly before us. 1 Strong, N.C. Index 2d, Appeal and Error, § 30.

[4, 5] The defendants next contend that the court erred in admitting the testimony of Martha Ann Collyer as to the contents of a carbon copy of the alleged notice which the plaintiffs allege they sent to the defendants. The defendants allege the evidence was admitted without the laying of a proper foundation showing that the copy of said notice was the best evidence; and that there was no showing that the plaintiffs had made a diligent effort to locate and produce the original of said notice by giving defendants proper notice and proper time to produce the original of the notice, if such existed. At the pre-trial conference on 11 February 1971, counsel for defendants was advised that a carbon copy of the letter dated 6 April 1970 giving defendants notice would be offered at trial, and defendants were also given a copy of that exhibit. A subpoena duces tecum was issued 5 April 1971 ordering the defendant Hugh Bell to produce the original of the letter of notification dated 6 April 1970. At trial, counsel for defendants made no objection to the subpoena but stated that they denied the existence of the original letter or that they ever received it. Plaintiffs' evidence also tended to show that a letter of notice was properly mailed, thus creating a presumption that it was received by the defendants. *Daves v. Insurance Co.,* 3 N.C. App. 82, 164 S.E. 2d 195 (1968). The defendants may not object to the introduction of testimony as to the contents of a carbon copy when he was served with notice to produce the original letter at trial and failed to do so. *Thrower v. Dairy Products,* 249 N.C. 109, 105 S.E. 2d 428 (1958); see also 3 Strong, N.C. Index 2d, Evidence, § 31; 4 Wigmore on Evidence 3d, § 1199-1210. This evidence is treated in the record in the same fashion as the evidence sought to be considered under exception No. 2. The

question of its competence is, therefore, not before us. 1 Strong, N.C. Index 2d, supra.

**[6, 7]** We find no merit in defendants' contention that plaintiffs could only exercise the option to purchase by personal delivery of written notice. Defendants attempt to raise this question by assignment of error addressed to the charge of the court to the jury. This assignment of error is not properly before us. It does not quote the portion of the charge to which defendants take exception nor does it point out the alleged error and indicate what the court should have charged. 1 Strong, N.C. Index 2d, Appeal and Error, § 31. Nor do we find merit in defendants' other assignment of error addressed to the charge. This assignment purports to raise the question of whether the court erred in failing to charge and properly explain and apply the law as to defendants' counterclaim. This assignment of error is a broadside exception and will not be considered. 1 Strong, N.C. Index 2d, Appeal and Error, § 31.

Defendants next assign as error the court's failure to submit to the jury an issue dealing with defendants' counterclaim. No objection was made at trial to the issues submitted, nor did defendants tender an issue on their counterclaim. In fact, it appears that the parties stipulated as to the issue to be submitted. This assignment of error is overruled.

Defendants' remaining assignments of error have been examined and found to be without merit.

Affirmed.

Judges BRITT and PARKER concur.