IN RE: WRIGHT, A MINOR

No. 8211DC326

(Filed 20 September 1983)

**1. Parent and Child § 1— termination of parental rights—sufficiency of evidence**

In a proceeding to terminate parental rights, the findings of fact were amply supported by the evidence and in turn supported the conclusions of law terminating the parental rights where the evidence tended to show that respondents permitted the child to live in filth, failed and refused to obtain necessary medical care for her, both when she had a broken femur and later when she had sores all over her body, and where respondents failed to pay anything toward the cost of the child's foster care during the six months preceding the filing of the petition.

**2. Parent and Child § 1; Trial § 6— proceeding to terminate parental rights—recordation of hearing—stipulation—failure of recording device**

In a proceeding to terminate parental rights, a contention that a new trial should be ordered because of the failure of a recording device used at the hearing was without merit where the use of the recording device was stipulated to and where no evidence favorable to respondents that a transcript would have contained was suggested.

**3. Parent and Child § 1— termination of parental rights—statutes constitutional**

G.S. 7A-289.32(2), authorizing the court to terminate parental rights upon a finding that a parent has "neglected" the child, is not unconstitutionally vague. Neither is G.S. 7A-289.32(4), authorizing parental rights to be terminated upon a parent's failure for six months preceding filing of the petition to pay a reasonable portion of the costs of caring for the child, unconstitutional as applied to the minor child's father, in that the statute does not require notice that payment is due, no notice was received by the father, and because the father received public assistance all of his life, he was unaware that anything was expected or required of him, since knowledge of the law is not the test of its application.

APPEAL by respondents from *Greene, K. Edward, Judge.* Order entered 5 January 1982 in District Court, JOHNSTON County. Heard in the Court of Appeals 11 February 1983.

Respondents Linda Gail Wright and Richard Robinson appeal from order terminating their parental rights with respect to their minor child Jennifer Marie Wright.

When the child was born on December 30, 1979, the respondents were fourteen years old and unmarried. The child lived with her mother and paternal grandmother until custody was assumed by the Department of Social Services. In May, 1980, she sustained a fractured right femur, her mother refused to get medical help for her, and she was taken to the hospital by her grandmother, where a body cast was applied. Ten days later, the baby was readmitted because the leg was not healing properly; she was hospitalized again June 27, 1980, because her feet had swollen and blisters had formed. Soon thereafter she was treated for open sores. On July 11, 1980, the child still needing medical attention, which respondent Linda Gail Wright refused to arrange for, the Department of Social Services, under order of court, took the child to a doctor, who diagnosed her many sores as being the result of poor hygiene.

Social workers who visited the home noticed that the house was dirty and overcrowded, trash and decaying food were lying around, no running water or sewer facilities were available, an open well was just outside the house, and on one occasion Linda Gail Wright was observed feeding the baby from a dirty bottle, which had mold on the nipple and was filled with curdled milk.

At a hearing held on July 23, 1980, the child was adjudged to be neglected and custody was continued in the Department of Social Services. Six months later, a guardian ad litem for the respondent parents was appointed.

On February 24, 1981, a petition for termination of parental rights was filed, alleging neglect in and failure to pay any amount toward the costs of caring for the child. The petition was amended to allege that the parents were incapable as a result of mental retardation of providing for the proper care and supervision of the child, who is a dependent child within the meaning of G.S. 7A-517(13). The response of the guardian ad litem for the respondents denied the material allegations and raised various constitutional and jurisdictional defenses.

When the matter was heard on April 29, 1981, the parties stipulated for the proceeding to be recorded on magnetic tape, but because of some defect, the tape was unintelligible, and the evidence was reconstructed by the parties. No evidence was offered by the respondents. At the end of the hearing, an oral order

terminating the respondents' parental rights was entered, which by stipulation was not reduced to writing and filed until January 20, 1982, when the reconstructed record was completed.

In the order, Linda Gail Wright was found to have neglected her child in several ways, but Richard Robinson's parental rights were terminated solely on his failure to pay a reasonable portion of the costs of the child's care after she was placed in the custody of the Department of Social Services, pursuant to G.S. 7A-289.32 (4). The issue as to the mental retardation of the respondents was not considered.

*Ashley, Holland, Wellons & Whitley, by W. A. Holland, Jr., for petitioner appellee Johnston County Department of Social Services.*

*Spence & Spence, by Robert A. Spence, Jr., guardian ad litem for petitioner appellee Jennifer Marie Wright.*

*Mast, Tew & Armstrong, by Allen R. Tew, guardian ad litem for respondent appellants Linda Gail Wright and Richard Robinson.*

PHILLIPS, Judge.

[1] None of the material findings of fact, showing that the respondent Linda Gail Wright permitted the child to live in filth, failed and refused to obtain necessary medical care for her, both when she had a broken femur and later when she had sores all over her body, and that both respondents failed to pay anything toward the cost of the child's foster care during the six months preceding the filing of the petition, were excepted to. All are supported by evidence and are therefore conclusive. *Davis v. Mitchell,* 46 N.C. App. 272, 265 S.E. 2d 248 (1980). They also amply support the conclusions of law and resultant decision that the child's best interests require that the parental relationship be terminated. The respondents' several assignments of error, all based upon technical and constitutional grounds, though ably and earnestly presented, are without merit, and the order terminating the parental rights of respondents to the child Jennifer Marie Wright is herewith affirmed.

[2] The contention that a new trial should be ordered because of the failure of the recording device used at the hearing is accom-

panied by no showing that respondents' rights on appeal have been prejudiced by the absence of an accurate and complete transcript of the proceeding. Use of the recording device was stipulated to and no evidence favorable to respondents that a transcript would have contained has been suggested. *In re Peirce,* 53 N.C. App. 373, 281 S.E. 2d 198 (1981). Furthermore, the respondents' record on appeal shows that they offered no evidence at the hearing, and it is apparent from the pleadings and assignments of error that their reliance from the outset has been on the unconstitutionality of the statutes proceeded under, rather than on any evidence of theirs or any weakness in the petitioner's evidence.

[3] G.S. 7A-289.32(2), authorizing the court to terminate parental rights upon a finding that a parent has "neglected" the child, is not unconstitutionally vague. In our jurisprudence, the word "neglected" in regard to children is well understood, as numerous decisions of our Supreme Court and this Court attest. *Matter of Allen,* 58 N.C. App. 322, 293 S.E. 2d 607 (1982); *Matter of Moore,* 306 N.C. 394, 293 S.E. 2d 127 (1982), *appeal dismissed,* --- U.S. ---, 74 L.Ed. 2d 987, 103 S.Ct. 776 (1983); *In re Huber,* 57 N.C. App. 453, 291 S.E. 2d 916, *appeal dismissed,* 306 N.C. 557, 294 S.E. 2d 223 (1982); *In re Clark,* 303 N.C. 592, 281 S.E. 2d 47 (1981); *In re Biggers,* 50 N.C. App. 332, 274 S.E. 2d 236 (1981). That the word applies to the child in this case would be readily recognized by ordinary people everywhere, we feel sure. People of all societies and cultures, even the most backward and primitive, know that parents have the duty to safeguard and protect the health and safety of their children—a duty, according to the record, that was flagrantly disregarded in this instance. Nor is the statute applicable only to the poor, as respondents contend, and thus violative of their rights to equal protection of the law; the statute applies to all persons similarly situated and is reasonably related to the welfare and safety of the public. *In re Huber, supra,* 57 N.C. App. at 458, 291 S.E. 2d at 919. Respondents' parental rights have not been terminated because of their poverty, but because of their aggravated and prolonged indifference to the health, safety and well-being of their offspring.

It was ingeniously argued upon behalf of respondent Robinson, the child's father, that G.S. 7A-289.32(4), authorizing parental rights to be terminated upon a parent's failure for six months

preceding the filing of the petition to pay a reasonable portion of the cost of caring for the child, is unconstitutional as applied to him, in that the statute does not require notice that payment is due, no notice was received by him, and because he had received public assistance all of his life, he was unaware that anything was expected or required of him. Though this argument is novel, it is unavailing. Very early in our jurisprudence, it was recognized that there could be no law if knowledge of it was the test of its application. Too, that respondent did not know that fatherhood carries with it financial duties does not excuse his failings as a parent; it compounds them.

Affirmed.

Judges WEBB and BECTON concur.