JAMES HERBERT, ADMINISTRATOR OF THE ESTATE OF MICHAEL WALTER HERBERT v. BROWNING-FERRIS INDUSTRIES OF SOUTH ATLANTIC, INC., JAMES LEE THOMPSON, GERRARD TIRE COMPANY, INC., L&N TIRE SERVICE, INC., AND BRAD RAGAN, INC.

No. 8726SC959

(Filed 31 May 1988)

Negligence § 29— disintegrating tire—fatal accident—genuine issues of material fact—summary judgment for tire recapper improper

In a wrongful death action where the left front tire of a BFI truck disintegrated and the truck collided head-on with deceased's vehicle, the trial court

erred in entering summary judgment for defendant Gerrard, a tire recapper, where there were genuine issues of material fact as to whether Gerrard rather than another recapper did in fact repair and retread the front tire and thus had a legal duty; whether Gerrard negligently repaired and retreaded the tire; and whether Gerrard's negligent repair of the tire was the direct cause of the tire's disintegration and the subsequent accident.

APPEAL by plaintiff and defendants Browning-Ferris Industries of South Atlantic, Inc. and James Lee Thompson from *Snepp, Judge.* Orders entered 16 July 1987 and 24 July 1987 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 7 March 1988.

*Winfred R. Ervin, Jr., attorney for plaintiff-appellant.*

*Moore & Van Allen, by James C. Smith and Robert C. Ervin, attorneys for defendant-appellants Browning-Ferris Industries of South Atlantic, Inc. and James Lee Thompson.*

*Hamel, Helms, Cannon, Hamel & Pearce, by H. Parks Helms, attorney for defendant-appellee Gerrard Tire Company, Inc.*

ORR, Judge.

On 30 August 1984, the left front tire on a Mack truck, owned by defendant Browning-Ferris Industries of South Atlantic, Inc. (BFI) and driven by its employee, defendant James Lee Thompson (Thompson), self-destructed, causing Thompson to lose control of the vehicle. The truck then crossed the highway median and collided head-on with the car of Mr. Michael Walter Herbert. Mr. Herbert died shortly thereafter from injuries suffered during the collision. An examination of the disintegrated tire disclosed that it had been repaired and retreaded prior to the accident.

James Herbert, administrator of Mr. Michael Herbert's estate, brought suit against BFI, Thompson, and Gerrard Tire Company, Inc. (Gerrard), contending BFI had negligently maintained the truck and trained the driver; Thompson had negligently driven the truck; and Gerrard had negligently repaired and retreaded the tire. Subsequently, BFI and Thompson cross-claimed for indemnity against Gerrard, alleging Gerrard had improperly repaired and retreaded the tire.

After responding to defendants' cross-claim, Gerrard moved for summary judgment, which the trial court granted.

BFI and Thompson filed a motion asking the trial court to rehear and reconsider its order granting summary judgment for Gerrard. The trial court denied defendants' motion, finding that defendants had failed to establish the existence of any genuine issues of material fact.

From the trial court's orders granting summary judgment for Gerrard and denying BFI and Thompson's motion for rehearing and reconsideration, plaintiff and defendants BFI and Thompson appeal.

A motion for summary judgment is properly granted under N.C.G.S. § 1A-1, Rule 56(c) of the Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law."

"In ruling on a motion for summary judgment the court does not resolve issues of fact and must deny the motion if there is any genuine issue of material fact. If different material conclusions can be drawn from the evidence, then summary judgment should be denied." *Warren v. Rosso and Mastracco, Inc.*, 78 N.C. App. 163, 164, 336 S.E. 2d 699, 700 (1985). "[A] fact is material if it would constitute or would irrevocably establish any material element of a claim or defense." *Bernick v. Jurden*, 306 N.C. 435, 440, 293 S.E. 2d 405, 409 (1982).

In a negligence action, summary judgment is proper when a defendant either (1) proves an essential element of the claim is nonexistent, or (2) shows through discovery that the opposing party cannot produce evidence establishing an essential element of the claim. *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 268 S.E. 2d 190 (1980).

"Negligence has been defined as the failure to exercise proper care in the performance of a legal duty which the defendant owed the plaintiff under the circumstances surrounding them." *McMurray v. Surety Federal Savings & Loan Assoc.*, 82 N.C. App. 729, 731, 348 S.E. 2d 162, 164 (1986), *cert. denied*, 318 N.C. 695, 351 S.E. 2d 748 (1987).

In the present negligence action, four essential elements must be established: (1) the existence of a legal duty or obligation;

(2) breach of that duty; (3) injury caused directly or proximately by the breach; and (4) actual loss or damage caused by the injury. *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 268 S.E. 2d 190; *McMurray v. Surety Federal Savings & Loan Assoc.*, 82 N.C. App. 729, 348 S.E. 2d 162.

Gerrard contends the forecast of the evidence was insufficient to establish: (1) that Gerrard had, in fact, repaired and retreaded the tire, thus creating a legal duty on the part of Gerrard, and (2) that Gerrard's repair and retread of the tire, if done, had been negligently performed.

In support of the summary judgment motion, Gerrard submitted the affidavit of its president, James Gerrard, who testified in pertinent part:

> I have examined photographs of a tire tread and tire carcass identified in my deposition on May 12, 1987 as Defendant's Exhibits 1., 2., and 9. From a close examination of the aforementioned Exhibits, including the tire tread, the markings on the tire carcasses, and the yellow oval shaped mark on Defendant's Number 1. These photographs do not appear to be of tires retreaded by Gerrard Tire Company, nor do they appear to be of a tread design manufactured by the Oliver Rubber Company.

The trial court also considered other evidence in the case file, including Gerrard's answers to interrogatories and James Gerrard's deposition. These documents describe in detail the products and processes used by Gerrard to repair and retread BFI tires. However, none of Gerrard's evidence, other than James Gerrard's affidavit, addresses the repairs and retreading performed on the tire involved in the accident.

BFI and Thompson submitted two affidavits in opposition to Gerrard's motion for summary judgment. The first affidavit was given by Eric A. Black, District Manager of BFI's Charlotte district, who said in substance that he had examined the tire at the scene of the accident and had found the tire to be a retreaded Michelin with part of an embossed yellow circular seal still remaining on the tire's damaged side. His affidavit further said that since April 1981 all BFI tires were retreaded by either Gerrard or by L&N Tire Service, Inc. In addition, he testified that tires

retreaded by Gerrard were identified by a yellow circular seal bearing Gerrard's Department of Transportation recapper number embossed on the side of the tire.

The second affidavit considered by the trial court was made by BFI's tire expert, James D. Gardner, who testified in pertinent part:

> On September 1, 1984, I personally inspected a Michelin tire, tube type size 13/80R20, which had been removed from the left front wheel of a 1980 Mack truck owned by Browning-Ferris Industries of South Atlantic, Inc. ("BFI"). I was advised by BFI's Charlotte district manager, Eric A. Black, that the BFI truck had been involved in a head-on collision caused by a sudden blowout of this left front tire. . . . Upon examining the tire, I observed that it had been retreaded. The tread pattern had an appearance identical to a tread design manufactured by the Oliver Rubber Company. . . . Aside from its tread design, the tire bore few identifying marks. It had the number 833962 branded into its sidewall, and it had part of a yellow circular seal or patch embossed on the sidewall of the tire. Only about one-half of the yellow circular seal was still there; the rest of the seal had been scuffed away, as had the Department of Transportation recapper number that normally would be on the tire.

After reviewing the parties' evidence, the trial court granted summary judgment for Gerrard. In response, BFI and Thompson moved for a rehearing and reconsideration of the trial court's summary judgment order. To support their motion, defendants submitted two additional affidavits.

James Gardner, BFI's tire expert, made a second affidavit in which he testified:

> After I completed my examination of the retreaded tire in question, I concluded that the tire had sustained a major injury and that a repair of the injury had been attempted. Unfortunately, the attempted repair was not adequate to correct the injury and allow the tire to be returned to service. In my professional opinion, the tire failed as a direct result of this prior injury and the subsequent inadequate attempt to repair it. Based on my examination of the tire, I was unable

to determine whether the attempted repair was made before or after the tire was retreaded. However, if the attempted repair of the injury was made prior to or at the time of the retreading of the tire, then the tire should have been rejected by the recapper and definitely should not have been retreaded.

The other affidavit supporting the rehearing motion was made by Charles E. Younts, BFI's Charlotte District Shop Manager, who said:

> During the period that I have been BFI's Shop Manager, [since May 1982] BFI has not performed any repairs on any of its front tires (size 13/80/R20). Whenever a front tire needs repairing, it is BFI's policy to send it to a tire recapper (either Gerrard Tire Company, Inc. or L&N Tire Service, Inc.) for possible retreading, and the recapper determines whether retreading is appropriate. Additionally, during the period that I have been Shop Manager, BFI has never sent its front tires to a recapper or anyone else for repairs only. The only repairs performed on tires used on the front wheels of BFI's trucks are those repairs performed incident to the retreading process. Based on the foregoing information, I believe that the tire involved in this lawsuit was repaired at the time it was retreaded.

After consideration, we find the following statements made in defendants' affidavits were sufficient to raise material issues of fact.

First, Younts said that repairs to BFI's front tires were made only by recappers. Younts and Black said the only recappers employed by BFI were Gerrard and L&N Tire Service, Inc. In Gerrard's deposition, President James Gerrard testified his company used Oliver rubber and tread designs to retread BFI tires, whereas L&N Tire Service used Bandag rubber and tread designs in its retreading process. James Gerrard further testified there was a distinctive difference between the Oliver rubber and tread designs and the Bandag rubber and tread designs.

In addition, James Gerrard said in his affidavit that a yellow circular shaped mark with the identifying letters RHKU was molded on the sidewall of a tire retreaded by Gerrard. In con-

trast, L&N's president, C. C. Leonard, testified in his affidavit that L&N did not use an identifying patch on its retreaded tires until March 1985, seven months after Michael Walter Herbert's death. Furthermore, L&N's patch consisted of an oval shape with a blue border on yellow printing with the words "certified Bandag dealer." Finally, BFI's tire expert, James Gardner, testified that the tire involved in the accident was retreaded with an Oliver tread design and had part of an embossed yellow circular seal on its sidewall.

The statements by Gerrard, Leonard, and Gardner clearly raise a material issue of fact as to whether Gerrard did repair and retread the BFI front tire, and thus, had a legal duty.

In addition, Gardner's second affidavit said that the re-treaded tire had been damaged and then inadequately repaired. Younts testified that repairs to BFI's front tires were made only by recappers prior to retreading. Gardner further said that if the inadequate repair to the tire was made before its retreading, the recapper improperly chose to retread the tire. This evidence is sufficient to raise a material issue of fact as to whether Gerrard negligently repaired and retreaded BFI's front tire.

Third, Gardner's second affidavit also said that the retreaded tire failed as a direct result of the inadequate repair of its injury. This statement raises an issue of fact as to whether Gerrard's negligent repair of the tire was the direct cause of the tire's disintegration and the subsequent accident.

Finally, neither party contests that Mr. Herbert's loss of life was caused by the accident.

The question here is not whether plaintiff's, BFI's, and Thompson's version of the facts will prevail at trial, but whether there are genuine issues of fact. As the foregoing shows, there are genuine issues of material fact for consideration by the jury.

Accordingly, the trial court's granting of summary judgment for Gerrard is reversed.

Reversed.

Chief Judge HEDRICK and Judge JOHNSON concur.