WESTOVER PRODUCTS, INC., PLAINTIFF v. GATEWAY ROOFING, INC., JAMES A. MOSER AND CLAY A. MOSER, DEFENDANTS v. GATEWAY ROOFING CO., INC., THIRD PARTY PLAINTIFF v. WESTOVER PRODUCTS, INC., THE CARLISLE CORPORATION, KIDDE, INC. D/B/A WALTER KIDDE & COMPANY, J. M. THOMPSON COMPANY, THIRD PARTY DEFENDANTS

No. 8818SC881

(Filed 6 June 1989)

1. **Negligence § 29.1— leaking roof—negligent design—summary judgment improper**

   The trial court should not have granted summary judgment for defendant Carlisle Corporation, the manufacturer of roofing materials, in an action arising from a leaking roof manufactured by Carlisle and installed by defendant Gateway on Kidde's building, where Carlisle owed a duty of care to Gateway through privy of contract and a duty of care to Kidde because a reasonable person would have understood that failure of Carlisle to use reasonable care would cause injury to Kidde; the president of Gateway stated through affidavits that the roof system was defective in design and that the methods used by Carlisle precluded the installation of the roof system in a workmanlike and watertight manner; and Carlisle presented pleadings, affidavits and depositions which it claims show that it neither provided defective materials and design nor was negligent in providing instruction, training and supervision of installation procedures by Gateway. It is for a jury to determine whether to believe Gateway and Kidde or Carlisle.

2. **Sales § 17.2— leaking roof—breach of implied warranties—not waived by rejection of express warranty—genuine issue of fact as to breach**

   There were genuine issues of material fact as to a roof manufacturer's breach of implied warranties in an action arising

WESTOVER PRODUCTS, INC. v. GATEWAY ROOFING, INC.

[94 N.C. App. 63 (1989)]

from a leaking roof, even though the building owner had rejected a five-year express warranty on the roof, because the offer and rejection of the express warranty did not automatically waive the implied warranty and the roof installer's president stated in an affidavit that the roof system was defectively designed and could not be installed in a workmanlike and watertight manner. N.C.G.S. § 25-2-316, N.C.G.S. § 25-2-314.

3. **Rules of Civil Procedure §§ 8.1, 12.1 — failure to state a claim — not raised until appeal — precluded**

Defendant Carlisle was precluded from contending that appellants' claims of negligence and breach of implied warranty were insufficient as a matter of law and did not comply with N.C.G.S. § 1A-1, Rule 8(a), where defendant did not make a motion under N.C.G.S. § 1A-1, Rules 12(b)(6) or 12(e) and was precluded from making those motions on appeal.

4. **Sales § 22 — leaking roof — North Carolina products liability statute — issues of fact concerning failure to observe routine care and installation**

The trial court improperly granted summary judgment for defendant Carlisle in an action arising from a leaking roof manufactured by Carlisle and installed on Kidde's building where, although Carlisle argued that there was ample evidence of Kidde's failure to observe routine care and maintenance of the roof, there was also evidence that the roof and design were defective, and Carlisle could not use N.C.G.S. § 99B-4 as a bar based on Gateway's improper installation of the roof because it contracted to instruct Gateway on installation procedures and in fact assisted Gateway in the installation of the roof on the Kidde building.

5. **Sales § 17.1 — leaking roof — breach of express warranty — rejection of warranty — summary judgment improper**

Summary judgment was not appropriate on the issue of express warranty in an action against a roof manufacturer arising from a leaking roof where, although defendant manufacturer argued that it had offered an express warranty which was rejected, there was evidence that information and technical assistance from the manufacturer were relied upon in choosing the roof design. That reliance would establish an express warranty under N.C.G.S. § 25-2-313.

**WESTOVER PRODUCTS, INC. v. GATEWAY ROOFING, INC.**

[94 N.C. App. 63 (1989)]

APPEAL by third-party defendant and third-party plaintiff from *Walker, Judge*. Judgment entered 30 March 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 15 March 1989.

On 30 September 1982 Kidde, Inc. (Kidde) contracted with J. M. Thompson Company (Thompson) for the construction of a building. On 3 November 1982 Thompson entered into a subcontract with Gateway Roofing Company, Inc. (Gateway) for the installation of a 45 millimeter mechanically fastened roof system according to the plans and specifications prepared by Grove Manufacturing Company (Grove) (Grove, a subsidiary of Kidde, provided architectural and engineering services for the construction of the building).

Gateway was an authorized applicator for Carlisle Corporation (Carlisle), a rubber and tire manufacturer which also manufactures roofing materials and supplies roofing designs. Westover Products, Inc. (Westover) is a distributor of Carlisle roofing materials, and supplied Gateway for the Kidde project.

The Carlisle roof system chosen for the Kidde building by Grove, with technical assistance from Carlisle, was a mechanically attached roofing system ("M.A.R.S."). This particular system is a rubber roofing membrane mechanically fastened to a building by a system of batten bars. The batten bars are narrow rubber strips laid on top of the membrane and secured by metal screws which puncture the membrane and are screwed into the steel roof deck below. The bottom of the batten bars are coated with sealant before being placed upon the membrane, and sealant is also applied over the top of each screw.

The contract between Carlisle and Gateway states that Carlisle will provide Gateway with instruction and training for proper installation of Carlisle systems to assure adequate quality and uniformity. The contract also states that at Carlisle's discretion it will furnish Gateway technical assistance and advice for the purpose of evaluating watertight integrity of the installation of roofing systems. Such assistance was supplied on the Kidde project.

The M.A.R.S. roof installed on the Kidde building leaked immediately upon its completion. Numerous attempts were made by Gateway (with Carlisle's assistance) to remedy the leaks. The leaks have never been completely remedied and still persist.

Apparently Gateway never paid Westover for the Carlisle materials for the Kidde project. Westover filed suit in Guilford

County Superior Court for the balance due on the materials. Gateway filed a Chapter 11 bankruptcy and the case was remanded to the United States Bankruptcy Court for the Middle District of North Carolina.

Gateway answered Westover's claim and filed a counterclaim as well as a third-party complaint against Westover, Carlisle, Kidde and Thompson. The third-party complaint alleges, *inter alia*, that the Carlisle roof was defective in design and installation procedures, that Westover and Carlisle were negligent, and that Thompson and Kidde were unlawfully withholding payments on the Kidde project.

Kidde filed an answer, counterclaim, and crossclaim. It alleged that the defective roof was caused by faulty design, manufacture and selection of the roof system and that Carlisle was negligent and breached express and implied warranties.

Gateway's counterclaim and third-party complaint (and thus Kidde's counterclaim and crossclaim) were severed from the main action on the debt and remanded to the Guilford County Superior Court.

Carlisle filed a motion for summary judgment. The trial court granted summary judgment for Carlisle on the claims asserted by Kidde, Westover, and Gateway. From that judgment Kidde and Gateway appeal.

*Wishart, Norris, Henninger & Pittman, by David O. Lewis, for third party defendant appellant Kidde; and Block, Meyland & Lloyd, by Gary R. Wolf and Michael R. Pendergraft, for third party plaintiff Gateway.*

*Womble, Carlyle, Sandridge & Rice, by Michael E. Ray, Ellis B. Drew, III and Karen E. Carey, for third party defendant appellee Carlisle Corporation.*

ARNOLD, Judge.

[1] Appellants argue that the trial court committed reversible error in granting Carlisle's motion for summary judgment because genuine issues of material fact exist between the parties. More particularly, they first contend genuine issues of material fact exist as to Kidde's allegations of negligence by Carlisle.

Summary judgment shall be rendered if "the pleadings, deposi-
tions, answers to interrogatories, and admissions on file, together
with the affidavits, if any, show that there is no genuine issue
as to any material fact and that any party is entitled to a judgment
as a matter of law." N.C.G.S. § 1A-1, Rule 56(c); *see Johnson v.
Insurance Co.*, 300 N.C. 247, 266 S.E. 2d 610 (1980). Once a party
moving for summary judgment has made and supported his motion,
the burden shifts to the non-movant to introduce evidence of specific
facts showing there is a genuine issue for trial. *Ward v. Durham
Life Ins. Co.*, 90 N.C. App. 286, 368 S.E. 2d 391 (1988). The non-
movant does not have to establish that he would prevail on the
issue involved, he only has to show that the issue exists. *Id.*

Kidde and Gateway claim that Carlisle owes duties to both
arising out of Carlisle's design of the M.A.R.S. system (which duties
they claim encompass the mechanics of fastening the membrane
to the building as well as the layout and installation methods in
application).

> Actionable negligence presupposes the existence of a legal
> relationship between parties by which the injured party is
> owed a duty by the other, and such duty must be imposed
> by law . . . . The law imposes upon every person who enters
> upon an active course of conduct the positive duty to exercise
> ordinary care to protect others from harm. A duty of care
> may arise out of a contractual relationship, the theory being
> that accompanying every contract is a common-law duty to
> perform with ordinary care the thing agreed to be done, and
> that a negligent performance constitutes a tort as well as
> a breach of contract.

*Olympic Products v. Roof Systems, Inc.*, 88 N.C. App. 315, 322,
363 S.E. 2d 367, 371, *disc. rev. denied*, 321 N.C. 744, 366 S.E.
2d 862 (1988) (quotations and citations omitted).

Privity of contract is not required in order to recover against
a person who negligently performs services for another and thus
injures a third party. There is a duty to protect third parties
where a reasonable person would recognize that if he does not
use ordinary care and skill in his own conduct, he will cause damages
or injury to the person or property of the other. *See Davidson
& Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 255
S.E. 2d 580, *disc. rev. denied*, 298 N.C. 295, 259 S.E. 2d 911 (1979).

In the case *sub judice* Carlisle owed a duty of care to Gateway through privity of contract. Carlisle owed a duty to Kidde because a reasonable person would have understood that if Carlisle did not use reasonable care in its conduct, it would cause injury to Kidde. *See id.*

Carlisle was granted summary judgment based upon the pleadings, affidavits and depositions which it claims show that it neither provided defective materials and design, nor was it negligent in providing instruction, training, and supervision of installation procedures by Gateway. James A. Moser, president of Gateway, however, stated through affidavit that the M.A.R.S. system was defective in design, and the methods used by Carlisle preclude the installation of a M.A.R.S. system roof in a workmanlike and watertight manner.

"If different material conclusions can be drawn from the evidence, then summary judgment should be denied." *Herbert v. Browning-Ferris Industries*, 90 N.C. App. 339, 341, 368 S.E. 2d 416, 417 (1988). We hold that different material conclusions could be drawn from the evidence presented through affidavits by Gateway and Kidde. Moser, even though an agent of Gateway, had been in the roofing business for twenty years and stated that the M.A.R.S. system was defective. It is for a jury to determine whom to believe, Gateway and Kidde or Carlisle. Summary judgment is therefore inappropriate on the negligence claims against Carlisle.

[2]  Appellants next argue that genuine issues of material fact exist as to Kidde's allegations of breach of implied warranties. Carlisle maintains, *inter alia*, that it tendered an express warranty to Kidde which was rejected, and this rejection defeats any implied warranty claim.

N.C.G.S. § 25-2-314 provides in part:

(1) Unless excluded or modified (G.S. 25-2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind . . . . (2) Goods to be merchantable must be at least such as (a) pass without objection in the trade under the contract description . . . .

N.C.G.S. § 25-2-316 reads in pertinent part:

(2) Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the

language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

(3) Notwithstanding subsection (2)

(a) unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like "as is," "with all faults" or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty; and

(b) when the buyer before entering into the contract has examined the goods or the sample or model as fully as he desired or has refused to examine the goods there is no implied warranty with regard to defects which an examination ought in the circumstances to have revealed to him; and

(c) an implied warranty can also be excluded or modified by course of dealing or course of performance or usage of trade.

Carlisle's offer and Kidde's rejection of a five-year express warranty of the roof installed for Kidde do not fall within the exclusion provisions of N.C.G.S. § 25-2-316. A five-year warranty would have far exceeded the protection offered by U.C.C. § 2-314, but the offer and rejection of it do not automatically waive the implied warranty. We conclude that there was an implied warranty of merchantability when Carlisle contracted with Gateway to provide a roofing system for Kidde. We also conclude that because of the affidavit of Moser, Gateway's president, there is a genuine issue of material fact as to whether Carlisle breached the implied warranty. *See Herbert*, 90 N.C. App. 339, 368 S.E. 2d 416; *see also Ward*, 90 N.C. App. 286, 368 S.E. 2d 391.

[3] Carlisle contends that appellants' claims of negligence and breach of implied warranty are insufficient as a matter of law and do not comply with Rule 8(a) of the North Carolina Rules of Civil Procedure.

Gateway's third-party complaint and Kidde's crossclaim against Carlisle were initiated in United States Bankruptcy Court. Gateway's third-party complaint (and thus Kidde's claim) was severed from

the main action on the debt and remanded to the Guilford County Superior Court.

Rules 8(a) of Federal Rules of Civil Procedure and the North Carolina Rules of Civil Procedure differ in their requirements for pleadings. *See Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). The Federal rule requires a pleading to contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rules of Civ. Proc. Rule 8(a); *see id.* The North Carolina rule requires "[A] short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved showing that the pleader is entitled to relief." N.C.G.S. 1A-1, Rule 8(a)(1). Merely asserting a grievance is not enough to comply with the North Carolina Rule 8(a). *Sutton*, 277 N.C. 94, 176 S.E. 2d 161.

The first avenue by which a party may properly address the failure to state a claim is through Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. N.C.G.S. § 1A-1, Rule 12. A motion under Rule 12(b)(6), however, cannot be raised for the first time on appeal. *Collyer v. Bell*, 12 N.C. App. 653, 184 S.E. 2d 414 (1971).

The other way to address failure to properly state a claim is through Rule 12(e) of the North Carolina Rules of Civil Procedure. N.C.G.S. § 1A-1, Rule 12(e). Rule 12(e) is a way a party may move for a more definite statement of the claim before interposing his responsive pleading. *Id.* If a party pleads responsively without moving for a more definite statement, he waives his right to do so.

In the case *sub judice*, Carlisle neither made a motion under 12(b)(6), nor a motion under Rule 12(e). *See* N.C.G.S. 1A-1, Rule 12. It is therefore precluded from making these motions on appeal. *See Collyer*, 12 N.C. App. 653, 184 S.E. 2d 414; *see id.*

[4] Carlisle also contends that appellants' claims fail under Chapter 99B, North Carolina's Products Liability statute.

N.C.G.S. § 99B-3 reads in pertinent part:

(a) No manufacturer or seller of a product shall be held liable in any product liability action where a proximate cause of the personal injury, death or damage to property was either an alteration or modification of the product by a party other than the manufacturer or seller, which alteration or modifica-

tion occurred after the product left the control of such manufacturer or such seller . . . .

Subsection (b) provides that for the purpose of this section, alteration or modification "includes failure to observe routine care and maintenance." *Id.*

Carlisle particularly argues that there was ample evidence of Kidde's failure to observe routine care and maintenance of the roof. That may well be, but there is also evidence of record that the roof and design were defective. Appellants do not have to show that they will prevail at trial, they only have to show that there is a genuine issue of material fact. *See Ward*, 90 N.C. App. 286, 368 S.E. 2d 391 (1988).

Carlisle also argues that the roof was not properly installed by Gateway and thus under Chapter 99B-4 Carlisle is not liable. N.C.G.S. § 99B-4 reads in pertinent part:

No manufacturer or seller shall be held liable in any product liability action if:

(1) The use of the product giving rise to the product liability action was contrary to any express and adequate instructions or warnings delivered with, appearing on, or attached to the product or on its original container or wrapping, if the user knew or with the exercise of reasonable and diligent care should have known of such instructions or warnings . . . .

Carlisle would be able to use 99B-4 as a bar to appellants' arguments had it not contracted to instruct Gateway on installation procedures, and had it not in fact assisted Gateway in the installation of the roof on the Kidde building. *See id.*

[5] Appellants lastly argue that genuine issues of material fact exist as to Kidde's allegations of breach of express warranty. Carlisle counters by arguing that it offered Kidde an express warranty which was rejected.

N.C.G.S. § 25-2-313 reads in pertinent part:

(1) Express warranties by the seller are created as follows:

(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part

of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.

(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description.

The critical inquiry here is whether the seller's statements were regarded by the buyer as his reason for purchasing the goods. *Pake v. Byrd*, 55 N.C. App. 551, 286 S.E. 2d 588 (1982).

Rex Benchoff, architect and engineer for Grove, stated in his deposition that Grove relied upon information and technical assistance by Carlisle in choosing the M.A.R.S. roof design. Under N.C.G.S. § 25-2-313, Grove's reliance would establish an express warranty by Carlisle. Summary judgment is not appropriate here, where there is evidence of such reliance.

Reversed.

Judges JOHNSON and PHILLIPS concur.