IN THE MATTER OF: C.W. and L.W., Minor Children.
No. COA05-929
North Carolina Court of Appeals
Filed April 18, 2006
This case not for publication
Harnett County Nos. 03 J 85 and 03 J 86.
E. Marshall Woodall for petitioner-appellee, Harnett County Department of Social Services.
Elizabeth Boone for guardian ad litem.
Michelle Formy Duval Lynch for respondent-appellant.
McGEE, Judge.
D.W. (respondent) is the father of C.W. and L.W. (the children). Respondent was convicted of trafficking in methamphetamine on 6 January 2003 and was incarcerated. The children continued to live with their mother, N.W. (the mother), who is not a party to this appeal.
The Harnett County Department of Social Services (DSS) received a report on 9 January 2003 alleging improper care of the children due to the mother's possible drug use. DSS received another report on 15 April 2003 alleging the mother: (1) used drugs, (2) took the children to places where drugs were used, and(3) did not provide appropriate supervision for the children. DSS substantiated the mother's neglect of the children due to improper care on 1 May 2003. The mother and the children were found on 9 June 2003 at a house that was the suspected location of a crystal methamphetamine lab.
DSS filed juvenile petitions on 10 June 2003 alleging the children were neglected. DSS initially placed the children in foster care and later placed the children with a relative and a family friend. In an order entered 8 August 2003, the children were adjudicated neglected. The trial court ordered DSS to continue efforts to reunify the children with their parents. After four continuances of a review hearing were granted by the trial court for good cause shown, the trial court filed an amended order on 13 February 2004 releasing DSS from further efforts to reunite the children with their parents. The trial court changed the plan for the children from reunification to adoption in a permanency planning review order filed 19 February 2004.
DSS filed a motion to terminate the parental rights of respondent and the mother on 15 April 2004 based upon: (1) neglect, N.C. Gen. Stat. § 7B-1111(a)(1); and (2) parents' willful failure to pay reasonable portion of cost of care for the children for a period of six months, N.C. Gen. Stat. § 7B-1111(a)(3). In an amendment to its motion, DSS alleged additional grounds for termination of the rights of both parents: (3) children willfully left in foster care for more than twelve months, N.C. Gen. Stat. § 7B-1111(a)(2); and (4) parents' incapability of proper care and supervision and a reasonable probability of continuation thereof, N.C. Gen. Stat. § 7B-1111(a)(6).
Following a hearing, the trial court determined that termination of the parental rights of respondent and the mother was warranted pursuant to all four of the grounds alleged by DSS. The trial court then concluded it was in the best interests of the children to terminate the parental rights of respondent and the mother and ordered the termination on 2 December 2004. Respondent appeals.

I.
Respondent first argues the order of termination should be reversed because the motion to terminate respondent's parental rights was legally insufficient to allege grounds for termination under N.C. Gen. Stat. § 7B-1111(a)(2) & (3). Specifically, respondent argues the motion only recited the bare statutory grounds for termination under these two subsections. However, because respondent attempts to raise this issue for the first time on appeal, respondent's argument is without merit.
Our Court has held that a party cannot raise the defense of failure to state a claim upon which relief can be granted for the first time on appeal. Dale v. Lattimore, 12 N.C. App. 348, 351-52, 183 S.E.2d 417, 419, cert. denied, 279 N.C. 619, 184 S.E.2d 113 (1971); see also Jones v. Development Co., 16 N.C. App. 80, 84, 191 S.E.2d 435, 438, cert. denied, 282 N.C. 304, 192 S.E.2d 194 (1972); Collyer v. Bell, 12 N.C. App. 653, 655, 184 S.E.2d 414, 416 (1971). Moreover, Rule 12(h)(2) of the North Carolina Rules of Civil Procedure directs that "[a] defense of failure to state a claim upon which relief can be granted . . . may be made in any pleading permitted or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the trial on the merits." N.C. Gen. Stat. § 1A-1, Rule 12(h)(2) (2005). Rule 12(h)(2) does not provide that a Rule 12(b)(6) motion may be made on appeal. "The Rules of Civil Procedure apply to proceedings for termination of parental rights[.]" In re McKinney, 158 N.C. App. 441, 444, 581 S.E.2d 793, 795 (2003).
Respondent relies upon In re Hardesty, 150 N.C. App. 380, 563 S.E.2d 79 (2002) to argue that the motion to terminate his parental rights was legally insufficient. A petition or motion to terminate parental rights must contain "[f]acts that are sufficient to warrant a determination that one or more of the grounds for terminating parental rights exist." N.C. Gen. Stat. § 7B-1104(6) (2005). The petition inHardesty "merely used words similar to those in the statute setting out [the applicable] ground[] for termination" without alleging any facts particular to the respondent. In re Hardesty, 150 N.C. App. at 384, 563 S.E.2d at 82. The respondent in Hardesty moved to dismiss the petition under N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) for failure to state a claim based upon that statutory ground. Id. at 383, 563 S.E.2d at 82.
In Hardesty, our Court held that a petitioner's bare recitation of the alleged statutory ground for termination of parental rights did not satisfy the requirements of N.C.G.S. § 7B-1104(6). Id. at 384, 563 S.E.2d at 82 (citing In re Quevedo, 106 N.C. App. 574, 579, 419 S.E.2d 158, 160, appeal dismissed, 332 N.C. 483, 424 S.E.2d 397 (1992)). In Hardesty, our Court further held that "[w]hile there is no requirement that the factual allegations be exhaustive or extensive, they must put a party on notice as to what acts, omissions or conditions are at issue." Id. We held that the respondent's Rule 12(b)(6) motion to dismiss for failure to state a claim should have been granted, and we reversed the termination of the respondent's parental rights on that ground. Id.
We recognize that Hardesty and Quevedo represent a departure from ordinary civil cases in that they allowed a party to challenge the denial of a 12(b)(6) motion even though there had been a final judgment on the merits. See Concrete Service Corp. v. Investors Group, Inc., 79 N.C. App. 678, 682-83, 340 S.E.2d 755, 758-59, cert. denied, 317 N.C. 333, 346 S.E.2d 137 (1986) (holding that "where an unsuccessful motion to dismiss is grounded on an alleged insufficiency of the facts to state a claim for relief, and the case thereupon proceeds to judgment on the merits, the unsuccessful movant may not on an appeal from the final judgment seek review of the denial of the motion to dismiss"); see also Pierce v. Reichard, 163 N.C. App. 294, 297-98, 593 S.E.2d 787, 789-90 (2004).
However, we do not address the propriety of the holdings in Hardesty and Quevedo, because we are bound by them. See In the Matter of Appeal from Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Nonetheless, the present case is distinguishable from Hardesty and Quevedo. In Hardesty, the respondent challenged the sufficiency of the petition to terminate her parental rights by a Rule 12(b)(6) motion to dismiss for failure to state a claim, which the trial court denied. In re Hardesty, 150 N.C. App. at 383, 563 S.E.2d at 82. In Quevedo, the respondent made a pretrial motion for judgment on the pleadings pursuant to Rule 12(c), which the trial court denied. In re Quevedo, 106 N.C. App. at 578, 419 S.E.2d at 159. Although the respondent in Quevedo styled his motion as a motion for judgment on the pleadings, our Court treated it as a Rule 12(b)(6) motion to dismiss for failure to state a claim. Id. However, unlike Hardesty and Quevedo, respondent in the present case did not move at trial to dismiss the motion to terminate his parental rights under Rule 12(b)(6) for failure to state a claim. Rather, respondent attempts to challenge the sufficiency of the allegations in the motion to terminate his parental rights for the first time on appeal.
For the reasons stated above, respondent's argument is without merit.

II.
Respondent argues the trial court erred by concluding that a ground existed to terminate respondent's parental rights under N.C. Gen. Stat. § 7B-1111(a)(3) (parents' willful failure to pay reasonable portion of cost of care for the children for a period of six months). Specifically, respondent first argues he had no duty to pay the costs of care for the children because no order requiring child support had been entered under N.C. Gen. Stat. § 7B-904(d). N.C. Gen. Stat. § 7B-1111(a)(3) (2005) provides that aparent's rights may be terminated upon a finding that
[t]he juvenile has been placed in the custody of a county department of social services . . . or a foster home, and the parent, for a continuous period of six months next preceding the filing of the petition or motion, has willfully failed for such period to pay a reasonable portion of the cost of care for the juvenile although physically and financially able to do so.
N.C. Gen. Stat. § 7B-904(d) (2005) directs as follows:
At the dispositional hearing or a subsequent hearing, when legal custody of a juvenile is vested in someone other than the juvenile's parent, if the [trial] court finds that the parent is able to do so, the [trial] court may order that the parent pay a reasonable sum that will cover, in whole or in part, the support of the juvenile after the order is entered. If the [trial] court requires the payment of child support, the amount of the payments shall be determined as provided in G.S. 50-13.4(c). If the [trial] court places a juvenile in the custody of a county department of social services and if the [trial] court finds that the parent is unable to pay the cost of the support required by the juvenile, the cost shall be paid by the county department of social services in whose custody the juvenile is placed[.]
Our Court has recently rejected an argument similar to respondent's in In re T.D.P., 164 N.C. App. 287, 595 S.E.2d 735 (2004), aff'd per curiam, 359 N.C. 405, 610 S.E.2d 199 (2005). We held that the "respondent's assertion that a support order is necessary to require him to pay a portion of the cost of [the child's] foster care is also without merit." Id. at 289, 595 S.E.2d at 737. In support of its holding, our Court relied upon In re Wright, 64 N.C. App. 135, 306 S.E.2d 825 (1983): "'Very early in our jurisprudence, it was recognized that there could be no law if knowledge of it was the test of its application. Too, that [the] respondent did not know that fatherhood carries with it financial duties does not excuse his failings as a parent; it compounds them.'" In re T.D.P., 164 N.C. App. at 289, 595 S.E.2d at 737 (quoting In re Wright, 64 N.C. App. at 139, 306 S.E.2d at 827).
Respondent next argues that "DSS made no showing of actual costs, willful defiance by [respondent], or [respondent's] means and ability to pay." Respondent contends the trial court made no findings as to what amount was reasonable support under N.C.G.S. § 7B-1111(a)(3). On appeal of an order terminating parental rights, our Court reviews whether the trial court's findings of fact are supported by clear, cogent and convincing evidence and whether the conclusions of law are supported by the findings. In re Huff, 140 N.C. App. 288, 291, 536 S.E.2d 838, 840 (2000), disc. review denied, 353 N.C. 374, 547 S.E.2d 9 (2001).
In order to terminate a parent's rights under N.C.G.S. § 7b-1111(a)(3), the trial court must find that the parent had the ability to pay child support. In re T.D.P., 164 N.C. App. at 289, 595 S.E.2d at 737. In T.D.P., the respondent argued that his failure to pay was not willful because he lacked the means to pay any amount. Id. Our Court recognized that a parent fails to pay a reasonable portion under N.C.G.S. § 7B-1111(a)(3) only if the parent had the ability to pay some amount greater than zero. Id. at 290, 595 S.E.2d at 738. In T.D.P., we held that because the respondent had been earning between $. 40 and $1.00 per day in prison, he had the ability to pay some amount greater than zero. Id. at 290, 595 S.E.2d at 737-38. Thus, we held that the respondent's failure to pay any amount warranted the termination of his parental rights under N.C.G.S. § 7B-1111(a)(3). Id. at 291, 595 S.E.2d at 738.
In the present case, the trial court found that, while in prison, respondent continued to receive between $300.00 and $500.00 per week from his painting company. The trial court found that respondent had some money in his prison account and that respondent made an additional $20.00 per week in prison. The trial court further found that during the six months prior to the filing of the motion for termination, the cost of care for C.W. was $2,550.00 and the cost of care for L.W. was $2,190.00. The trial court found that respondent did not pay any amount to defray the costs of care for the children, and that his nonpayment was unreasonable. These findings support the trial court's conclusion that a ground existed for the termination of respondent's parental rights under N.C.G.S. § 7B-1111(a)(3).
These findings are also supported by clear, cogent and convincing evidence. Respondent testified that he usually made between $300.00 and $500.00 per week from his painting company. Respondent also testified that he had some money in his prison account and further testified that he made $20.00 per week by working in prison. Respondent admitted that he had not paid any child support. Moreover, a social worker with DSS testified that for the six-month period prior to the filing of the motion for termination, the cost of care for C.W. was $2,550.00 and the cost of care for L.W. was $2,190.00. Accordingly, the findings of fact are supported by clear, cogent and convincing evidence.
In the present case, respondent had a duty to defray the costs of care of the children, who were in the custody of DSS for six months prior to the filing of the motion to terminate parental rights. As the findings and evidence demonstrate, respondent had the ability to pay some amount to contribute to the costs of care of his children and failed to do so. The trial court did not err by finding and concluding that a ground existed to terminate respondent's parental rights under N.C.G.S. § 7B-1111(a)(3).
"[W]here we determine the trial court properly concluded that one ground exists to support the termination of parental rights, we need not address the remaining grounds." In re Clark, 159 N.C. App. 75, 84, 582 S.E.2d 657, 663 (2003). We do not address respondent's arguments pertaining to the remaining grounds upon which the trial court terminated his parental rights.

III.
Respondent next argues "the trial court erred by not holding a dispositional hearing to determine the best interests of the children and [by] using the wrong standard of proof." Termination of parental rights is a two-step process. In re Blackburn, 142 N.C. App. 607, 610, 543 S.E.2d 906, 908 (2001). At the adjudication stage, the trial court determines whether there is clear, cogent and convincing evidence to support at least one of the statutory grounds for termination of parental rights under N.C.G.S. § 7B-1111(a). Id. If a ground for termination is proven, the trial court proceeds to the disposition stage where it exercises its discretion in determining whether termination is in the best interests of the child. Id. The trial court is "required to issue an order of termination in the dispositional stage, unless it finds the best interests of the child would be to preserve the parent's rights." Id. at 613, 543 S.E.2d at 910.
Our Court has repeatedly held that a trial court is not required to conduct separate adjudication and disposition hearings. E.g., In re Shepard, 162 N.C. App. 215, 221, 591 S.E.2d 1, 6 (2004); In re Carr, 116 N.C. App. 403, 407, 448 S.E.2d 299, 301 (1994); In re Parker, 90 N.C. App. 423, 430, 368 S.E.2d 879, 884 (1988); In re White, 81 N.C. App. 82, 85, 344 S.E.2d 36, 38, disc. review denied, 318 N.C. 283, 347 S.E.2d 470 (1986). In White, we noted that
since a proceeding to terminate parental rights is heard by the judge, sitting without a jury, it is presumed, in the absence of some affirmative indication to the contrary, that the judge, having knowledge of the law, is able to consider the evidence in light of the applicable legal standard and to determine whether grounds for termination exist before proceeding to consider evidence relevant only to the dispositional stage.
In re White, 81 N.C. App. at 85, 344 S.E.2d at 38.
In the present case, the trial court chose to conduct one evidentiary hearing. At the disposition stage, the trial court made a finding that it was in the best interests of the children that the parental rights of respondent and the mother be terminated. The trial court concluded that it was in the best interests of the children to terminate the parental rights of their parents. We note that respondent did not argue the trial court abused its discretion by finding and concluding that it was in the best interests of the children that his parental rights be terminated. Nonetheless, based upon the evidence, we find no abuse of discretion. We overrule this assignment of error.

IV.
Respondent argues the trial court erred by failing to enter its order terminating respondent's parental rights within thirty days of the termination of parental rights hearing. N.C. Gen. Stat. § 7B-1109(e) (2005) requires a trial court to enter an adjudicatory order within thirty days of a termination of parental rights hearing. N.C. Gen. Stat. § 7B-1110(a) (2005) then requires the trial court to enter an order, within 30 days of the parental rights hearing, determining whether terminating the parents' parental rights is in the juvenile's best interest.
Although it is error for a trial court not to enter a termination of parental rights order within thirty days after the hearing, In re A.D.L., 169 N.C. App. 701, 705, 612 S.E.2d 639, 642, disc. review denied, 359 N.C. 852, 619 S.E.2d 402 (2005), in order to vacate an order terminating parental rights, a parent must show prejudice by the late filing of the order. Id. at 705-06, 612 S.E.2d at 642.
Our Court noted in In re C.J.B. & M.G.B., 171 N.C. App. 132, 614 S.E.2d 368 (2005), that "our Court's more recent decisions have been apt to find prejudice in delays of six months or more." Id. at 134, 614 S.E.2d at 369. This Court then reviewed several recent cases and set forth principles for analyzing whether a delay in entry of a termination order is prejudicial: (1) "[T]he need to show prejudice in order to warrant reversal is highest the fewer number of days the delay exists" and (2) "the longer the delay in entry of the order beyond the thirty-day deadline, the more likely prejudice will be readily apparent." Id. at 135, 614 S.E.2d at 370. Our Court also noted that "reversing an order for non-adherence to these time lines further unbalances the need for swift finality in termination proceedings, the undisputed intent and presumed effect of the General Assembly's addition of the thirty-day entry deadline to N.C. Gen. Stat. § 7B-1109(e)." Id. at 134, 614 S.E.2d at 370. In C.J.B. & M.G.B., our Court held that the five-month delay between the termination hearing and the entry of the order was prejudicial in that case and therefore reversed the termination of the respondent's parental rights. Id. at 135, 614 S.E.2d at 370.
In the present case, the trial court entered the order terminating respondent's parental rights fifty-three days late. This was a relatively minimal delay in comparison to the five-month delay in C.J.B. & M.G.B., and respondent therefore needs to show substantial prejudice. However, respondent makes only a generalized statement that all parties were prejudiced. Moreover, a reversal of the trial court's order in the present case would further delay finality in the lives of the children. We find respondent was not prejudiced by the delay in entry of the order. This assignment of error is overruled. Respondent failed to set forth an argument in support of his remaining assignment of error, and we therefore deem this assignment of error abandoned pursuant to N.C.R. App. P. 28(b)(6).
Affirmed.
Judges CALABRIA and GEER concur.
Report per Rule 30(e).